IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LORAN QUINN,<br><br>        Plaintiff,<br><br>    vs.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:10-cv-01617 LJO BAM<br><br>ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>(Doc. 104) |

By order filed June 6, 2012, the Court granted in part and denied in part Defendants County of Fresno ("the County") and Probation Officer David Alanis' ("Officer Alanis'") motion for summary judgment. Specifically, the Court (1) granted the County summary judgment with respect to Plaintiff James Loran Quinn's ("Plaintiff's") claim for municipal liability under 42 U.S.C. § 1983; (2) denied the County summary judgment on Plaintiff's claims under California Government Code sections 815.2(a) and 845.6; and (3) denied Officer Alanis summary judgment with respect to Plaintiff's claims for false arrest under § 1983, false imprisonment under California tort law, violation of California Civil Code section 52.1, intentional infliction of emotional distress, and negligence. Now pending before the Court is Defendants' motion for reconsideration. Upon careful consideration of the parties' submissions, the Court GRANTS IN PART and DENIES IN PART the motion for reconsideration.

1

## I. FACTUAL BACKGROUND[1]

This action arises from Plaintiff's alleged false arrest for an erroneous probation violation and from allegations of deficient medical attention while Plaintiff was in custody. The terms of Plaintiff's probation required him to file monthly report forms ("MRFs") with the County Probation Department between the first and fifth of every month. On February 12, 2007, Plaintiff was arrested for failing to file his MRFs. Plaintiff maintained that he had timely filed his MRFs and that he had proof. Officer Alanis, however, asserted that he reviewed the Adult Probation System ("APS") and Plaintiff's hard copy file, yet was unable to locate Plaintiff's MRFs for the months of December 2006, January 2007, and February 2007.

While in custody, Plaintiff suffered chest pain that was consistent with his history of coronary artery disease. Jail medical staff treated Plaintiff's initial complaints with nitroglycerin, which at first appeared effective in providing Plaintiff relief. Later that day, however, Plaintiff complained that his heart condition had not been properly addressed. Meanwhile, Plaintiff's attorney, Mark King, contacted and informed Officer Alanis and various other officials that Plaintiff suffered a serious heart condition which required prescription medication. Plaintiff's complaint and Mr. King's pleas did not result in any response. The next day, jail staff found Plaintiff in physical distress due to chest pain. Plaintiff was subsequently hospitalized for treatment and monitoring.

## II. LEGAL STANDARD

Defendants move for reconsideration under Federal Rule of Civil Procedure 59(e), Federal Rule of Civil Procedure 60(b)(6), and the Court's inherent power to reconsider and modify its interlocutory orders. The Court clarifies as a preliminary matter that Rule 59(e) relates to the amendment of a final judgment or an appealable interlocutory order, while Rule 60(b)(6) relates to the modification of a final judgment, order, or proceeding. See Fed. R. Civ. P. 60(b)(6); Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir. 1989). An order denying summary judgment on the ground that there are genuine disputes of fact, which is what Defendants seek reconsideration of here, does not fall into any of those categories; such an order is neither final nor immediately appealable. See Senza-Gel Corp. v.

---

[1] The following is simply intended to provide factual context for this motion. For a more detailed summary of the facts of this case, the parties are referred to the Court's June 6, 2012 order.

Seiffhart, 803 F.2d 661, 669 (Fed. Cir. 1986) ("A denial of summary judgment is not only *not* a 'final judgment', and not appealable, it is not a judgment at all. It is quite simply and solely a determination that one or more issues require a trial.") (citation omitted) (emphasis in the original). Therefore, to the extent that Defendants seek reconsideration of the Court's June 6, 2012 order, their motion must rest on the Court's inherent power to reconsider, rescind, or modify its interlocutory orders.[2] See Fed. R. Civ. P. 54(b); City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001); Andrews Farms v. Calcot, Ltd., 693 F. Supp. 2d 1154, 1165 (E.D. Cal. 2010) ("The denial of a summary judgment motion . . . is an interlocutory, unappealable order that can be reviewed by the district court at any time before final judgment is entered.").

A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law. Abada v. Charles Schwab & Co., Inc., 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). Nevertheless, a court should generally leave a previous decision undisturbed absent a showing of clear error or manifest injustice. Id. at 1102. Reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs. See Kona Enters. v. Estate of Bishop, 229 F.3d 887, 890 (9th Cir. 2000). Nor is it a mechanism for the parties "to ask the court to rethink what the court has already thought through – rightly or wrongly." United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Reconsideration is an "extraordinary remedy" that is to be used "sparingly." Kona, 229 F.3d at 890. "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

## III. DISCUSSION

### A. Claims Relating to Plaintiff's Arrest

Officer Alanis seeks reconsideration of the Court's order denying him summary judgment on Plaintiff's arrest-related claims. These include claims for false arrest, false imprisonment, violation of

---

[2] It should be noted that while Rules 59(e) and 60(b)(6) do not provide the proper procedural foundation for this motion, courts still often look to those rules for substantive guidance when assessing a motion for reconsideration under the court's inherent power to modify interlocutory orders. See Jadwin v. County of Kern, No. 07-CV-0026-OWW-DLB, 2010 U.S. Dist. LEXIS 30949, at *27-28 (E.D. Cal. Mar. 31, 2010).

3

California Civil Code section 52.1, intentional infliction of emotional distress, and negligence. The Court denied Officer Alanis summary judgment on the ground that there remains a genuine dispute as to contents of the APS and Plaintiff's hard copy file, and as to whether Officer Alanis reviewed these sources prior to authorizing Plaintiff's arrest. The Court noted Officer Alanis' testimony regarding this issue but concluded that a factual dispute exists because Plaintiff offered date-stamped copies of his MRFs showing that he did in fact file the documents at issue. The Court reasoned that when viewed in the light most favorable to Plaintiff, this evidence supported a reasonable inference that the APS and Plaintiff's hard copy file did contain the MRFs in dispute and that Officer Alanis did not have probable cause to arrest Plaintiff.

In moving for reconsideration, Officer Alanis argues that the Court erred in three ways. First, Officer Alanis contends that the Court's decision cannot stand because Plaintiff failed to present any admissible or relevant evidence disputing Officer Alanis' testimony that the APS and Plaintiff's hard copy file did not contain the MRFs in dispute. The Court disagrees. While there is certainly evidence supporting Officer Alanis' version of the events, Plaintiff's date-stamped copies of his filed MRFs is sufficient to create a triable issue of fact. As the Court stated in its order denying summary judgment, a reasonable inference can be drawn from this evidence that the APS and Plaintiff's hard copy file did contain the documents in dispute and that Officer Alanis did not examine these sources or otherwise disregarded the information. This inference is rooted in the same reasoning that Officer Alanis relies on in arguing that it was reasonable for him to rely on these sources to confirm Plaintiff's probationer status in the first place: the APS and a probationer's hard copy file are generally accurate in recording a probationer's MRF filings.

Second, Officer Alanis maintains that the Court inappropriately focused on his intentions and motivation in determining whether there was probable cause to arrest Plaintiff. To be sure, the Court's reference to "intent" in its order was misplaced. A defendant's intentions or motivation is irrelevant in a probable cause analysis. See Whren v. United States, 517 U.S. 806, 813 (1996). Nevertheless, this does not undermine the Court's underlying rationale for denying Officer Alanis summary judgment: there is a genuine factual dispute regarding the contents of the APS and Plaintiff's hard copy file, and as to whether Officer Alanis reviewed these sources prior to authorizing Plaintiff's arrest.

Third, Officer Alanis stresses that the Court failed to appreciate the undisputed fact that he was not present when Plaintiff's arrest was physically effectuated. The Court struggles to see how Officer Alanis' physical presence (or absence) at the time of Plaintiff's arrest makes a dispositive difference. The undisputed fact that Officer Alanis authorized Plaintiff's arrest is sufficient in of itself to give rise to liability for a false arrest. See Du Lac v. Perma Trans Products, Inc., 103 Cal. App. 3d 937, 941 (Ct. App. 1980) ("[A] party who authorizes, encourages, directs or assists an officer to do an unlawful act, or procures an unlawful arrest, without process, or participates in the unlawful arrest or imprisonment, is liable.") (internal quotation marks omitted).

In sum, the Court is not convinced that denying Officer Alanis summary judgment on Plaintiff's arrest-related claims constitutes clear error or manifest injustice. Accordingly, Defendants' motion for reconsideration is DENIED with respect to these matters.

**B.     Plaintiff's Claim Under California Government Code section 845.6**

The County moves for reconsideration of the Court's order denying it summary judgment on Plaintiff's claim under California Government Code section 845.6. To prevail on a claim under section 845.6, a plaintiff must prove that "(1)[a] public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). See also Watson v. State of California, 21 Cal. App. 4th 836, 841-42 (Ct. App. 1993). In denying the County summary judgment on this claim, the Court focused on the first element: whether any public employee had reason to know of Plaintiff's heart condition and need for prescription medication. The Court concluded that there was sufficient evidence to show that at least one public employee did. The Court pointed to the declaration provided by Plaintiff's attorney, Mark King, wherein he asserts that on February 13, 2007, he informed Officer Alanis and other jail officials that Plaintiff had a serious heart condition; that he believed Plaintiff had suffered a "cardiac episode" the day before; and that Plaintiff was in need of his prescription medications.

In moving for reconsideration, the County argues that even if Mr. King informed an official of Plaintiff's heart condition and need for prescription medication, there is no evidence establishing that Plaintiff's condition constituted an *immediate* medical need at that time. In other words, the County argues that there is insufficient evidence to satisfy the second element of Plaintiff's section 845.6 claim.

5

According to the County, when Mr. King purportedly informed officials of Plaintiff's health concerns on February 13, 2007, Plaintiff's heart condition did not pose a serious and obvious threat and his need for prescription medication was not immediate.[3]

After a review of the record, the Court must agree. It is undisputed that in the early morning hours of February 13, 2007, Plaintiff was examined by medical staff for complaints of chest pain and was given nitroglycerin tablets to alleviate the pain. The nitroglycerin appeared to be effective; even Plaintiff stated inasmuch during his examination. Plaintiff was then discharged with additional tablets of nitroglycerin to be taken as needed.

There is no evidence that Plaintiff's heart condition posed an obvious threat thereafter such that Plaintiff had an immediate need for other medication. Plaintiff points to an inmate grievance form he filed later that morning as evidence that he was in need of immediate medical care despite being treated with nitroglycerin. The grievance reads:

> I have a history of conjestive [sic] heart failure quadrupe [sic] bypass heart surgery and unstable heart be[at]. I was seen by a nurse [and] given nitro, which does not address my cardiac condition. My pleas for help were treated in a passive attempt. I have a medical background and know what is needed for my condition. It was not [addressed]. . . . I am request[ing] medical attention.

(Doc. 85, Ex. K.) However, nothing in the grievance indicates an obvious need for immediate medical care. See Watson, 21 Cal. App. 4th at 841 (a condition that requires immediate medical care is one that is serious and obvious). All the grievance reveals is that Plaintiff personally disputed the treatment he received. Yet, other than Plaintiff's unsupported assertion, there is no evidence demonstrating that the treatment Plaintiff received was in fact deficient such that he was in need of immediate medical care notwithstanding the nitroglycerin tablets he was provided. Plaintiff presented no competent medical testimony to that effect.

The fact that Plaintiff suffered another episode of chest pain the next day is also unavailing to Plaintiff. Notice of an immediate medical need cannot be based on "medical hindsight." Watson, 21 Cal. App. 4th at 843. Moreover, Plaintiff was provided medical attention at that time.

---

[3] It should be noted that when Plaintiff requested medical care the day before, on February 12, 2007, medical care was summoned. Specifically, when Plaintiff notified Officer Alanis that he was taking prescription medications during the booking process, Plaintiff was seen by medical staff shortly thereafter. Also, when Plaintiff complained of chest pain later that evening, he was seen by medical staff early the next day.

6

Thus, the Court is convinced that although certain officials may have had notice of Plaintiff's heart condition and general need for prescription medication, there is no evidence that this constituted an *immediate* medical need. Plaintiff was provided nitroglycerin for his chest pain, and Plaintiff has failed to offer evidence showing that despite this treatment, Plaintiff's heart condition posed a serious and obvious medical need. Accordingly, Defendants' motion for reconsideration is GRANTED with respect to this matter.

### C. Evidentiary Objections

Lastly, Defendants request that the Court issue written rulings on their evidentiary objections, which were submitted in reply to Plaintiff's opposition to Defendants' motion for summary judgment. The Court declines the request. As the Court already made clear in its order on summary judgment, it is not this Court's practice to rule on general evidentiary matters individually in the context of summary judgment, unless otherwise noted. Objections that were material and meritorious were sustained. See Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (noting that it is often unnecessary and impractical for a court to methodically scrutinize and give a full analysis of each evidentiary objection on a motion for summary judgment); Burch v. Regents of the Univ. of Cal., 433 F. Supp. 2d 1110, 1118-22 (E.D. Cal. 2006) (same).

## IV. CONCLUSION

For all the reasons set forth above, the Court:

1. VACATES the hearing scheduled for this matter pursuant to Local Rule 230(g);
2. GRANTS Defendants' motion for reconsideration with respect to Plaintiff's claim under California Government Code section 845.6: the County is entitled to summary judgment on this claim; and
3. DENIES Defendants' motion for reconsideration in all other respects.

IT IS SO ORDERED.

**Dated:   July 10, 2012**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

7