1

2

3

4

5

6

7                              IN THE UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JAMES LORAN QUINN,                          Case No. 1:10-cv-01617 LJO BAM

11          Plaintiff,                            ORDER ON THE PARTIES' MOTIONS IN
                                                  LIMINE
12          vs.
                                                  (Docs. 110 & 111)
13   FRESNO COUNTY SHERIFF, et al.,

14          Defendants.

15   _____/

16          Plaintiff James Loran Quinn ("Plaintiff") and Defendants County of Fresno ("the County") and

17   Probation Officer David Alanis ("Officer Alanis") are scheduled to commence a jury trial in this Court

18   beginning August 7, 2012.  In accordance with the Court's June 27, 2012 pretrial order, the parties filed

19   motions in limine on June 29, 2012.  Upon careful consideration of the parties' submissions, the Court

20   rules on the motions in limne as follows.

21   **1.      Plaintiff's Motion in Limine No. 1**

22          Plaintiff moves to preclude the specific details of his convictions pursuant to Federal Rules of

23   Evidence 402 and 403.  Plaintiff acknowledges that he was arrested on four occasions for driving under

24   the influence ("DUI") and that the subsequent convictions are relevant in that they served as the basis

25   for his probation.  However, Plaintiff argues that the specific details of his convictions (as opposed to

26   the mere existence of the convictions) are not relevant.  Plaintiff argues that disclosing specific details

27   of his DUIs would only prejudice him as the jury would be tempted to draw unfair character judgments

28   from the information.

                                                      1

1       Defendants oppose this motion in limine on four grounds: (1) the specific details of Plaintiff's

2 convictions are admissible under Federal Rule of Evidence 608(b); (2) the specific details of Plaintiff's

3 convictions are admissible under Federal Rule of Evidence 613; (3) the specific details of Plaintiff's

4 convictions will be necessary in cross-examining Plaintiff's expert witness, Loren Buddress, who is

5 expected to testify that Plaintiff did not pose a danger to the community; and (4) the specific details of

6 Plaintiff's convictions are relevant to the issue of damages.

7       Defendants' first argument is not persuasive.  Pursuant to Federal Rule of Evidence 608(b), a

8 criminal conviction may be used to attack a witness's character for truthfulness.  This rule, however, is

9 limited by Federal Rule of Evidence 609, which (1) defines criminal conviction for the purposes of Rule

10 608(b) as a crime that was punishable by death or imprisonment for more than one year, and (2) states

11 that in civil cases evidence of such a conviction is subject to Federal Rule of Evidence 403.  <u>See</u> Fed.

12 R. Evid. 609(a)(1)(A).  Here, it is unclear which, if any, of Plaintiff's DUI convictions were punishable

13 by imprisonment for more than one year.  Even assuming all were, it seems that Rule 403 requires that

14 the specific details of Plaintiff's DUIs be not discussed.  As a general matter, specific details of a DUI

15 conviction do not add significant probative value in terms of an individual's character for truthfulness.

16 The prejudicial effect of such, however, is substantial and clear on its face.

17       Defendants' second argument is also not persuasive.  Pursuant to Federal Rule of Evidence 613,

18 a witness may be impeached by a prior inconsistent statement.  <u>See</u> Fed. R. Evid. 613(b).  The Court

19 struggles to envision a scenario in which Plaintiff would make a statement during trial that would be

20 inconsistent with the specific details of his DUIs.[1]

21       Turning to Defendants' third argument, Loren Buddress is expected to testify that Plaintiff did

22 not pose a danger to the community.  Defendants therefore argue that they must be allowed to discuss

23 the specific details of Plaintiff's DUI convictions to show that Plaintiff did in fact pose a danger to the

24 community.  The Court is not persuaded.  It should be sufficient for Defendants to argue that Plaintiff's

25 four DUI convictions demonstrate that he posed a danger to the community.  Any additional details of

26 the DUIs would not add significant probative value, but would be highly prejudicial to Plaintiff.  <u>See</u>

27 Fed. R. Evid. 403.

28

      [1]  In the event that such a scenario does arise at trial, the Court can revisit this issue.

1    This leaves the issue of damages.  Here, the Court agrees with Defendants.  Plaintiff seeks to

2    recover damages for emotional distress, which includes symptoms of depression.  To the extent that

3    Defendants are able to produce evidence showing a causal relationship between the emotional injuries

4    Plaintiff claims in this case and Plaintiff's past DUIs, Defendants should be allowed to do so in order

5    to mitigate their damages.

6    Accordingly, Plaintiff's motion in limine number 1 is GRANTED IN PART.  Defendants may

7    discuss (1) the fact that Plaintiff was convicted of four separate DUIs, and (2) any emotional trauma or

8    injuries Plaintiff sustained in a DUI, to the extent that such is relevant to the issue of damages in this

9    action.  Defendants are precluded from discussing the specific details of Plaintiff's DUI convictions in

10   any other respect.

11   **2.    Defendants' Motion in Limine No. 1**

12   Defendants move pursuant to Federal Rule of Civil Procedure 26 to preclude any "evidence

13   and/or testimony of any witnesses which were not disclosed in discovery or provided as supplemental

14   discovery in a timely fashion, to the extent that such information was the subject of a discovery request."

15   (Doc. 111 at 3.)  Plaintiff counters that this motion in limine is overly broad.  In Plaintiff's view, this

16   motion in limine stands for the harsh proposition that unless evidence was elicited during discovery, it

17   should be excluded from use at trial.

18   Although the Court does not share Plaintiff's interpretation of this motion in limine, the Court

19   does find that the motion in limine is impermissibly vague.  Defendants do not identify any particular

20   evidence or witnesses that would be subject to exclusion under this ruling.  Defendants simply make the

21   broad and unremarkable assertion that evidence not disclosed in accordance with Federal Rule of Civil

22   Procedure 26(a) and (e) should be excluded under Federal Rule of Civil Procedure 37(c)(1).  Yet, this

23   assertion has no application standing alone.  Before excluding evidence under Rule 37(c)(1), the Court

24   must determine whether the party's failure to disclose "was substantially justified or is harmless."  Fed.

25   R. Civ. P. 37(c)(1); see Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.

26   2001).  The Court is unable to make this determination where, as here, no specific failure to disclose is

27   identified and no particular evidence is contested.  Accordingly, Defendants' motion in limine number

28   1 is DENIED.

**3.      Defendants' Motion in Limine No. 2**

Defendants move under Federal Rule of Evidence 403 to preclude any argument to the jury that they should base their damages award on the amount they would charge to endure a similar injury (i.e., the "Golden Rule"). Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 2 is GRANTED.

**4.      Defendants' Motion in Limine No. 3**

Defendants move under Federal Rules of Evidence 403 and 411 to exclude any evidence of the County's insurance. Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 3 is GRANTED.

**5.      Defendants' Motion in Limine No. 4**

Defendants move under Federal Rule of Evidence 403 to preclude evidence of indemnification of Officer Alanis. Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 4 is GRANTED.

**6.      Defendants' Motion in Limine No. 5**

Defendants move under Federal Rules of Evidence 402, 403, and 702 to preclude Plaintiff's expert witness, Loren Buddress, from making factual determinations, testifying on witness credibility, opining on ultimate legal conclusions, and referring to past experiences or claims of success. Plaintiff agrees that it is inappropriate for an expert witness to represent to the jury that the facts upon which his opinions are based are necessary true. However, Plaintiff disagrees with Defendants' assertion that an expert witness may not give an opinion on an ultimate legal conclusion, in particular the existence (or absence) of probable cause.

**a.      Factual determinations and witness credibility**

"Expert testimony is admissible under [Rule 702] if it addresses an issue 'beyond the common knowledge of the average layperson.'" United States v. Hanna, 293 F.3d 1080, 1086 (9th Cir. 2002) (quoting United States v. Morales, 108 F.3d 1031, 1039 (9th Cir. 1997) (en banc)). See Fed. R. Evid. 702(a) (expert testimony must help the trier of fact to understand the evidence or determine a fact at issue). Weighing the credibility of witnesses and resolving factual matters is not outside the common ability or knowledge of a layperson; it is the precise role that the law assigns solely to a layperson as a

4

1   juror.  See Nimely v. City of New York, 414 F.3d 381, 397 (2d Cir. 2005) ("It is a well-recognized

2   principle of our trial system that determining the weight and credibility of a witness's testimony . . .

3   belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical

4   knowledge of men and the ways of men[.]") (internal quotation marks, brackets, and citation omitted);

5   United States v. Bender, 769 F.2d 595, 602 (9th Cir. 1985) (stating that witness credibility is a matter

6   for the jury and expert testimony on the subject invades the province of the jury).  Accordingly, to the

7   extent that Defendants' motion in limine number 5 seeks to preclude Loren Buddess from testifying on

8   witness credibility and from making factual determinations, it is GRANTED.

9           **b.      Ultimate legal conclusions**

10          Expert testimony is not objectionable just because it embraces an ultimate issue.  Fed. R. Evid.

11  704(a).  That said, "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion

12  on an ultimate issue of law."  Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1066

13  n.10 (9th Cir. 2002).  Such an opinion does not aid the jury in making its decision; instead, it attempts

14  to substitute the expert's judgment for that of the jury's.  Id. (quoting United States v. Duncan, 42 F.3d

15  97, 101 (2d Cir. 1994)).

16          Accordingly, to the extent that Defendants' motion in limine number 5 seeks to preclude Loren

17  Buddess from opining on ultimate legal conclusions, it too is GRANTED.  In the specific context of

18  probable cause, this generally means that Loren Buddess may testify on any underlying facts that may

19  be relevant to a probable cause determination, but he may not testify that probable cause did or did not

20  in fact exist.[2]  See Torres v. City of Los Angeles, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (holding that

21  the district court abused its discretion when it denied a motion in limine seeking to preclude witnesses

22  from testifying as to whether there was probable cause for an arrest); Stuart v. United States, 23 F.3d

23  1483, 1487 (9th Cir. 1994) (upholding district court's ruling to preclude plaintiff's expert witness from

24  opining as to whether probable cause existed); Hao-Qi Gong v. Jones, No. C 03-05495 TEH, 2008 U.S.

25  Dist. LEXIS 111178, at *12 (N.D. Cal. Sept. 9, 2008) ("Courts regularly prohibit experts from testifying

26  on the ultimate issue of whether there was 'probable cause' for an arrest.").  By way of example, Loren

27

28          [2] This, of course, is subject to any further limitations imposed by the Court's rulings on Defendants' other motions
    in limine, in particular motion in limine numbers 11 and 17.

Buddress may testify that certain sources of information are generally unreliable, but he may not take the additional step and testify that an officer lacked probable cause to initiate an arrest because he relied on those sources. Accord Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1212-13 (D.C. Cir. 1997) ("[A]n expert may offer his opinion as to the facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied.").

### c.     Past experiences or claims of success

Defendants move to preclude Loren Buddress from referring to "past experiences" or "claims of success" but fail to define these otherwise vague terms and fail to argue why these topics should be excluded during trial. Accordingly, to the extent that Defendants' motion in limine number 5 seeks to preclude Loren Buddress from testifying on these matters, it is DENIED.

### 7.     Defendants' Motion in Limine No. 6

Defendants move under Federal Rules of Evidence 402 and 403 to preclude evidence of other lawsuits brought against (a) Officer Alanis, (b) any other County Probation Department employee, (c) the County Sheriff's Department, (d) any County Sheriff's Department employee, (e) the City of Fresno, or (f) any City of Fresno Police Officer. Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 6 is GRANTED.

### 8.     Defendants' Motion in Limine No. 7

Defendants move to preclude questioning regarding (a) personnel matters, (b) prior complaints concerning job performance, and (c) prior disciplinary issues involving Officer Alanis or any other law enforcement officer who testifies in this action. Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 7 is GRANTED.

### 9.     Defendants' Motion in Limine No. 8

Defendants request pursuant to Federal Rule of Evidence 615 that all non-party witnesses be removed from the courtroom during trial-related proceedings. Plaintiff opposes this motion in limine only to the extent that his expert witness, Loren Buddress, would be precluded from being present in the courtroom while other witnesses are testifying. Plaintiff asserts that Loren Buddress plans to base his expert opinions on the factual testimony of other witnesses.

1    A court must order witnesses excluded from the courtroom at a party's request.  Fed. R. Evid.

2  615.  An exception to Rule 615 exists for "[any] person whose presence a party shows to be essential

3  to presenting the party's claim or defense."  Fed. R. Evid. 615(c).  A party's expert witness can fall into

4  this exception.  See United States v. Sechillie, 310 F.3d 1208, 1213 (9th Cir. 2002).  "[W]here a fair

5  showing has been made that [an] expert witness is in fact required for the management of the case, . .

6  . the trial court is bound to accept any reasonable, substantiated representation to this effect by counsel"

7  and must allow the presence of the expert.  Morvant v. Construction Aggregates Corp., 570 F.2d 626,

8  630 (6th Cir. 1978).  Accord Sechillie, 310 F.3d at 1213.

9    Here, Plaintiff's counsel represents that Loren Buddress is expected to base his expert opinions

10  on the factual testimony of other witnesses and therefore must be present in the courtroom while other

11  witnesses are testifying.  Yet, Plaintiff's counsel is unclear on what factual testimony Loren Buddress

12  must hear and for what exact purpose.  At this point, it appears that Plaintiff's counsel simply intends

13  to have Loren Buddress listen to the testimony of other witnesses so that Loren Buddress can opine on

14  whether there was in fact probable cause to arrest Plaintiff.  However, the possibility of Loren Buddress

15  providing such an opinion has already been foreclosed by the Court's ruling on Defendants' motion in

16  limine number 5.

17    Given this ambiguity, the Court will hold Defendants' motion in limine number 8 in abeyance

18  and will afford Plaintiff an opportunity to clarify this matter.  By no later than July 24, 2012, Plaintiff

19  shall file and serve additional briefing substantiating his assertion that Loren Buddress must hear the

20  testimony of other witnesses to form his expert opinions.  Absent such, the Court intends to grant this

21  motion in limine in its entirety.

22  **10.    Defendants' Motion in Limine No. 9**

23    Defendants move under Federal Rules of Evidence 402 and 403 to preclude evidence of Officer

24  Alanis' intent, motive, and state of mind.  Defendants maintain that Officer Alanis' intent, motive, and

25  state of mind are not relevant to the issue of probable cause and that offering evidence of such would

26  only mislead the jury.  Plaintiff counters that even assuming that Officer Alanis' intent, motive, or state

27  of mind is not relevant to probable cause and his claim for false arrest, they are still relevant to (and in

28  fact required by) his other claims.

1    It is true that an officer's motives or subjective intent is irrelevant to the existence of probable

2    cause.  See Devenpeck v. Alford, 543 U.S. 146, 153 (2004) ("[The Supreme Court's] cases make clear

3    that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence

4    of probable cause.").  However, to prevail on Plaintiff's claim for intentional infliction of emotional

5    distress, it is not enough for Plaintiff to simply prove an absence of probable cause.  Rather, Plaintiff

6    must show, among other things, that Officer Alanis acted *with the intent of causing Plaintiff emotional*

7    *distress*.  See Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009) (listing elements for a claim of intentional

8    infliction of emotional distress).  As such, Officer Alanis' motives and subject intent are at issue in this

9    case, and Plaintiff must be allowed to offer evidence of this issue.  To the extent that Defendants fear

10   that the jury will improperly consider Officer Alanis' subjective intent in the context of probable cause,

11   the remedy is providing the jury with clear instructions on these matters, no excluding evidence in its

12   entirety.  Defendants' motion in limine number 9 is DENIED.

13   **11.        Defendants' Motion in Limine No. 10**

14   Defendants move under Federal Rules of Evidence 402 and 403 to preclude any evidence that

15   Plaintiff, his wife, and his attorney offered to provide proof of Plaintiff's innocence but Officer Alanis

16   rejected the offers of proof.  Defendants argue that once probable cause is established, an officer is not

17   required by the Constitution to investigate every subsequent claim of innocence.  Plaintiff, on the other

18   hand, argues that (1) the existence of probable cause has not been established in this case, and (2) even

19   assuming that post-arrest claims of innocence are not relevant to the issue of probable cause, they are

20   relevant to Plaintiff's other claims.

21   Plaintiff's arguments are persuasive.  To be sure, once probable cause is established an officer

22   is not required by the Constitution to investigate every subsequent claim of innocence.  See Broam v.

23   Bogan, 320 F.3d 1023, 1032 (9th Cir. 2003) (quoting Baker v. McCollan, 443 U.S. 137, 145-46 (1979)).

24   However, whether Officer Alanis had probable cause to arrest Plaintiff has yet to be established.  And,

25   if the jury concludes that Officer Alanis did *not* have probable cause to arrest Plaintiff, then testimony

26   that Officer Alanis rejected repeated offers of proof become *at least* relevant to Plaintiff's claim for

27   intentional infliction of emotional distress; the rejections may be probative of Officer Alanis' state of

28   mind and may reveal an intent to cause Plaintiff emotional distress.  Plaintiff must be allowed to present

8

1   such evidence to the jury.  Again, to the extent that Defendants fear that the jury will improperly consider

2   this evidence in the context of probable cause, the remedy is providing the jury clear instructions on

3   these matters.  Defendants' motion in limine number 10 is DENIED.

4   **12.    Defendants' Motion in Limine No. 11**

5        Defendants argue that Plaintiff's expert, Loren Buddress, is not qualified under Federal Rule of

6   Evidence 702 to provide expert opinions on probable cause and arrest procedures.  Defendants assert

7   that Loren Buddress's experience as a probation officer has largely been supervisorial in nature and that

8   Loren Buddress has never made nor assisted in an arrest.  Further, Defendants argue that even if Loren

9   Buddress does qualify as an expert, he should be precluded under Federal Rules of Evidence 702 and

10  403 from offering expert testimony regarding probable cause because his definition of probable cause

11  is misleading and would confuse the jury.

12           **a.    Loren Buddress's Qualifications**

13       Under Rule 702, a proposed expert witness must qualify as an expert based on his "knowledge,

14  skill, experience, training, or education." Fed. R. Evid. 702.  According to his resume, Loren Buddress

15  has approximately 35 years of knowledge and experience in the field of probation, including 20 years

16  as a chief probation officer.  He served as a Deputy Probation Officer for San Mateo County from 1974

17  to 1980; as a United States Probation Officer from 1980 to 1984; as a United States Senior Specialist

18  Probation Officer from 1984 to 1987; as a United States Supervising Probation Officer from 1987 to

19  1989; as the Chief United States Probation Officer for the Northern District of California from 1989 to

20  2000; and as the Chief Probation Officer for San Mateo County from 2000 to 2009.  Although Loren

21  Buddress concedes that he never physically made an arrest during his career,[3] he does maintain that he

22  oversaw numerous probationer caseloads and later supervised and trained other probation officers.  It

23  seems apparent from this background that Loren Buddress has sufficient knowledge and experience to

24  qualify him as an expert on probation-related arrest procedures.  Defendants' attempt to portray Loren

25  Buddress as a supervisorial figurehead unfamiliar with basic arrest procedures is unavailing and runs

26  counter to the liberal construction given to Rule 702.  See Thomas v. Newton Int'l Enters., 42 F.3d 1266,

27  _____

28       [3] Defendants seize on Loren Buddress's deposition testimony to suggest that he has never *authorized* the arrest of a probationer.  This appears to be a misinterpretation of Loren Buddress's testimony.  A fair reading of Loren Buddress's testimony is that he never *physically effectuated* an arrest of a probationer.

1  1269 (9th Cir. 1994); <u>accord</u> <u>In re Paoli R.R. Yard Pcb Litig.</u>, 35 F.3d 717, 741 (3d Cir. 1994) (expert

2  qualification requirements are to be treated liberally).

3       **b.**     **Loren Buddress's Opinions on Probable Cause**

4       Once a proposed expert witness qualifies as an expert, he may testify in the form of an opinion

5  if "(a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to

6  determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the

7  product of reliable principles and methods; and (d) the expert has reliably applied the principles and

8  methods to the facts of the case." Fed. R. Evid. 702.  These requirements, of course, are not exclusive

9  of any other rule governing the admissibility of evidence.  <u>See</u> <u>Daubert v. Merrell Dow Pharms., Inc.</u>,

10  509 U.S. 579, 596 (1993); <u>United States v. Hankey</u>, 203 F.3d 1160, 1168 (9th Cir. 2000).  A court may

11  still exclude expert testimony under Federal Rule of Evidence 403 if its probative value is substantially

12  outweighed by a danger of, among other things, unfair prejudice or misleading the jury.  <u>Daubert</u>, 509

13  U.S. at 596; <u>Hankey</u>, 203 F.3d at 1168.

14       The Court finds many aspects of Loren Buddress's anticipated expert testimony to be irrelevant,

15  unhelpful to the jury, and potentially prejudicial to Defendants.  First, as Defendants point out, Loren

16  Buddress's notions of probable cause, as revealed by his deposition testimony, are mistaken.  According

17  to Loren Buddress, probable cause requires an officer to be almost absolutely certain that an arrestable

18  offense has been committed:

19       Q:     How would you define "probable cause" in that context?

20       A:     Having a legitimate legal means of taking action of somebody.  And, again it's – you
21                 have to more carefully assess it for a technical violation than you do for a new arrest and
                conviction and that's a – not a technical violation.

22       Q:     Okay.  Would you agree that probable cause is – are sufficient facts to lead a reasonable
23                 person to believe somebody's committed a crime?

24       A:     Not a reasonable – it leads – you have to do a very careful analysis of all the information
                that is available to see whether there are – there's proof that somebody did or did not do
25                 what is being alleged.

                                   * * *

26       Q:     Okay.  Would you agree that pursuant to [Penal Code Section 1203.2(a)], if a probation
27                 officer has probable cause to believe that a probationer has violated a term of condition
                of their parole, the officer can arrest that person without a warrant?

28       A:     Before the officer does something like that, they have to very carefully look into it.  You

1         don't just arrest somebody because you think they did or didn't do something. *You arrest*
2         *somebody after you have done an investigation and know absolutely one way or the other*
          *are they or are they not in violation.*

3  (Doc. 111-3 at 49:2-16, 56:13-23) (emphasis added).  This is not true.  <u>See</u>, <u>e.g.</u>, <u>Los Angeles County</u>

4  <u>v. Rettele</u>, 550 U.S. 609, 615 (2007) (probable cause is a standard "well short of absolute certainty");

5  <u>Crowe v. County of San Diego</u>, 608 F.3d 406, 432 (9th Cir. 2010) (probable cause requires there to be

6  a "fair probability" that the accused committed an offense); <u>United States v. Garcia</u>, 179 F.3d 265, 269

7  (5th Cir. 1999) (fair probability in the context of probable cause requires "something more than a bare

8  suspicion, but need not reach the fifty percent mark").  Accordingly, Loren Buddress will be precluded

9  from defining probable cause for the jury.  <u>See</u> <u>Nationwide Transport Finance v. Cass Info. Sys.</u>, 523

10  F.3d 1051, 1058-59 (9th Cir. 2008) (upholding district court's ruling to preclude expert from providing

11  the jury a statement of the law because not only was such testimony an invasion of the province of the

12  trial judge, but the expert held an erroneous view of the law).

13         Second, as a likely result of his mistaken notions of probable cause, Loren Buddress confuses

14  the issue of probable cause with what appears to be discretional factors that an officer *could* consider

15  *after probable cause has been established* in deciding whether to initiate an arrest or whether to take

16  some other, less intrusive action in response to a probation violation.  In other words, Loren Buddress

17  confuses and merges two distinct issues: whether in a given situation an officer has *legal authority* to

18  initiate an arrest and whether it is *good policy* to initiate an arrest.  In particular, Loren Buddress opines

19  in his report that the following considerations were relevant to Plaintiff's arrest: (1) whether Plaintiff

20  was employed full-time; (2) whether Plaintiff posed a danger to the community; (3) whether Plaintiff's

21  alleged probation violation was merely "technical" in nature; and (4) jail overcrowding.  These factors

22  may be relevant as a matter of policy, but they are not relevant to the issue of probable cause.  Probable

23  cause exists when an officer has knowledge or reasonably trustworthy information sufficient to lead a

24  person of reasonable caution to believe *that an offense has been committed*.  <u>Beck v. Ohio</u>, 379 U.S. 89,

25  91 (1964); <u>United States v. Lopez</u>, 482 F.3d 1067, 1072 (9th Cir. 2007).  Plaintiff's current employment

26  status, Plaintiff's potential for endangering the community in the future, the technicality of Plaintiff's

27  alleged probation violation, and jail overcrowding have no bearing on whether Plaintiff committed an

28  arrestable offense by failing to file his monthly probationer reports.  <u>See</u> Cal. Penal Code § 1203.2(a)

1   (a violation of *any* term of probation is grounds for the rearrest of a probationer).  Any expert testimony

2   to the contrary would only confuse and mislead the jury.

3        Accordingly, for all the reasons discussed above, Defendants' motion in limine number 11 is

4   GRANTED IN PART as follows.  First, Loren Buddress is precluded from defining probable cause for

5   the jury.  Second, Loren Buddress is precluded from opining that (1) Plaintiff's employment status, (2)

6   Plaintiff's potential for endangering the community in the future, (3) the "technicality" of Plaintiff's

7   probation violation, and (4) jail overcrowding are relevant to probable cause.

8   **13.    Defendants' Motion in Limine No. 12**

9        Defendants argue that Plaintiff's wife, Deborah Quinn, is not qualified under Federal Rule of

10  Evidence 702 to provide expert medical opinions regarding Plaintiff's physical and mental condition.

11  Defendants anticipate that Deborah Quinn will attempt to provide expert opinions on Plaintiff's gastric

12  bypass surgery and its effect on Plaintiff's behavior, Plaintiff's symptoms of depression, and Plaintiff's

13  heart condition.  Plaintiff, on the other hand, notes that Deborah Quinn has been a registered nurse for

14  37 years and argues that the Court should afford Plaintiff the opportunity to qualify Deborah Quinn as

15  an expert at trial.

16       This issue cannot be decided at this time.  As an initial matter, it appears that part of this motion

17  in limine is moot now that Plaintiff's medical care claim is no longer at issue in this case.  To the extent

18  that the motion in limine is not moot, it is unclear at this time as to what matters Deborah Quinn plans

19  to testify on and on what foundation she will rest her testimony.  If Deborah Quinn attempts to provide

20  expert diagnoses of Plaintiff's mental conditions, it does not appear that she is qualified to do so.  If, on

21  the other hand, Deborah Quinn plans to testify on more general medical matters, it would appear that

22  her 37 years of experience as a nurse would qualify her as an expert under Rule 702.  And, of course,

23  nothing precludes Deborah Quinn from testifying on Plaintiff's physical or mental condition based on

24  her personal knowledge as a percipient witness.

25       Accordingly, Defendants' motion in limine number 12 is DENIED WITHOUT PREJUDICE.

26  At trial, in front of the jury, Plaintiff will be required to lay a proper foundation before asking Deborah

27  Quinn any substantive questions.  Defendants may renew any objection to Deborah Quinn's testimony

28  at any point thereafter.

1   **14.   Defendants' Motion in Limine No. 13**

2          Defendants contend that Plaintiff and his attorney, Mark King, are not qualified under Federal

3   Rule of Evidence 702 to provide expert medical opinions.  It appears that Defendants are concerned that

4   Plaintiff and his attorney will attempt to offer medical opinions regarding the adequacy of Plaintiff's

5   medical treatment in jail.  However, Plaintiff's claim relating to his medical care in jail is no longer at

6   issue in this case.  Accordingly, Defendants' motion in limine number 13 is DENIED AS MOOT.

7   **15.   Defendants' Motion in Limine No. 14**

8          Defendant moves under Federal Rule of Civil Procedure 37(c)(1) to preclude (a) Dr. Mark Levy,

9   (b) Dr. Steven Lipnik, and (c) Dr. Ralph Wessel from testifying at trial.  Defendants argue that Plaintiff

10  failed to disclose these individuals as expert witnesses as required by Federal Rule of Civil Procedure

11  26(a)(2)(A).  While Plaintiff concedes that he failed to disclose these individuals as experts, he argues

12  that Defendants have not shown how this failure is harmful.

13         A party must disclose the identify of any expert witness it intends to use at trial.  Fed. R. Civ. P.

14  26(a)(2)(A).  If a party fails to disclose an expert witness, that expert cannot be used at trial "unless the

15  failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The party facing exclusion

16  of its witness bears the burden of proving substantial justification or harmlessness.  Yeti by Molly, Ltd.,

17  259 F.3d at 1107; Torres, 548 F.3d at 1213.  Exclusion of the undisclosed witness is otherwise "self-

18  executing" and "automatic."  Yeti by Molly, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37(c) advisory

19  committee's note (1993)).

20         Here, Plaintiff has not shown that his non-disclosure was substantially justified or is harmless.

21  Instead, Plaintiff attempts to shift the burden onto Defendant to show prejudice.  This is inappropriate.

22  Accordingly, Defendants' motion in limine number 14 is GRANTED.

23  **16.   Defendants' Motion in Limine No. 15**

24         Defendants move to exclude evidence of any lost profits from Plaintiff's business partnership

25  with Martin Nonini.  Defendants maintain that these profits are speculative and uncertain because the

26  partnership was not registered or licensed to do business in California; Plaintiff failed to produce any

27  profit/loss statements or tax returns during discovery; and Plaintiff himself indicated in his deposition

28  that the business failed to make a profit in the past.

1    The Court declines to decide this issue on a motion in limine.  The main thrust of Defendants'

2    argument is that Plaintiff will not be able to prove any amount of lost profits with reasonable certainty

3    because there is no record of his business's past performance.  According to Defendants, the business

4    was not well-established and there is no evidence of past profits from which a jury could reasonably

5    extrapolate future profits.  However, it is unclear at this point whether Plaintiff intends to rely on past

6    performance to prove lost profits or whether Plaintiff intends to present evidence of some other basis

7    for recovering lost profits (e.g., the breach of a specific and otherwise profitable contract proximately

8    caused by Defendants' alleged wrongful conduct).  Given this uncertainty, it would be premature for the

9    Court to foreclose Plaintiff from recovering all lost profits at this time.  See generally C & E Services,

10   Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D. D.C. 2008) (explaining that a motion in limine, as

11   opposed to a motion for summary judgment or trial, is generally a poor vehicle for contesting an item

12   of damages).  Accordingly, Defendants' motion in limine number 15 is DENIED.

13   **17.     Defendants' Motion in Limine No. 16**

14   Defendants move under Federal Rule of Evidence 402 to preclude Plaintiff and his expert, Loren

15   Buddress, from referring to any alleged inadequate training, supervision, or hiring at the County, at the

16   County Probation Department, or concerning Officer Alanis.  Plaintiff does not oppose.  Accordingly,

17   Defendants' motion in limine number 16 is GRANTED.

18   **18.     Defendants' Motion in Limine No. 17**

19   Defendants move under Federal Rules of Evidence 402 and 403 to preclude Plaintiff's expert,

20   Loren Buddress, from offering testimony on (a) drug or alcohol treatment programs, (b) the reputation

21   of Chief Deputy Probation Officer Linda Penner, and (c) jail overcrowding.  Defendants maintain that

22   these issues are not relevant to probable cause and would only confuse the jury.  Plaintiff counters that

23   these issues are relevant to the "totality of the circumstances" underlying probable cause, as well as to

24   his claim for negligence.[4]

25   The Court agrees with Defendants in part.  Jail overcrowding, as already discussed above, is not

26   relevant to the issue of probable cause.  Nor, for that matter, is the alleged reputation of Chief Deputy

27

28   [4] To the extent that Plaintiff argues that these issues are relevant to establishing a reasonable standard of care for probation-related investigations leading to arrests, the Court disagrees.  Plaintiff does not have a viable claim against Officer Alanis for negligent investigation.  See Gillan v. City of San Marino, 147 Cal. App. 4th 1033, 1048-51 (Ct. App. 2007).

1   Probation Officer Linda Penner.  Even if it is true that Chief Deputy Probation Officer Linda Penner has

2   a reputation for taking a "lock-em up" approach to probationers, that fact is not probative of whether

3   Officer Alanis had reason to believe that Plaintiff committed a probation violation.  Any testimony to

4   that effect would only prejudice Defendants.

5          With respect to drug or alcohol treatment programs, the Court cannot say that testimony on this

6   matter is entirely irrelevant.  It appears that as a condition of his probation, Plaintiff was required to not

7   only file monthly probationer reports, but also complete various drug and alcohol treatment programs.

8   Therefore, the fact that Plaintiff successfully completed such treatment programs tends to show, at least

9   to some degree, that Plaintiff was otherwise attempting to comply with the terms of his probation.  This

10  fact may hold minimal probative value, but it also poses little danger of prejudice.

11         Accordingly, Defendants' motion in limine number 17 is GRANTED IN PART.  Loren Buddress

12  is precluded from testifying on (1) the reputation of Chief Deputy Probation Officer Linda Penner, and

13  (2) jail overcrowding.

14  **19.    Defendants' Motion in Limine No. 18**

15         Defendants seek to exclude any evidence that purportedly shows that Plaintiff's attorney, Mark

16  King, notified County Probation Department employees of Plaintiff's medical condition.  Whether a

17  County employee had notice of Plaintiff's need for medical attention while in jail is no longer at issue

18  in this case.  Accordingly, Defendants' motion in limine number 18 is DENIED AS MOOT.

19  **20.    Defendants' Motion in Limine No. 19**

20         Defendants seek to preclude Plaintiff from presenting evidence or arguing that the Probation

21  Department was negligent with respect to record keeping, in particular the recording of monthly report

22  form ("MRF") filings.  Defendants maintain that this issue was decided in the Court's memorandum

23  decision granting in part and denying in part Defendants' motion to dismiss Plaintiff's third amended

24  complaint.  (Doc. 36.)  Defendants also argue that evidence on this matter is not relevant to this action

25  and would only be prejudicial to Defendants, and therefore should be excluded under Federal Rules of

26  Evidence 402 and 403.

27         The Court is not persuaded.  Defendants misconstrue the Court's memorandum decision.  All

28  the Court decided there was that Plaintiff had no cause of action for a breach of a mandatory statutory

1  duty because California Penal Code section 1203.10 did not impose a mandatory duty on probation

2  departments to maintain accurate MRF records.  (Doc. 36 at 14-17.)  The Court did not, in any way,

3  decide that negligence in MRF record keeping is entirely irrelevant to this case.  It may be relevant.  If

4  Plaintiff presents evidence that MRF record keeping was deficient and that Officer Alanis was aware

5  of these deficiencies, a jury could conclude that Officer Alanis' reliance on these records did not give

6  him probable cause to arrest Plaintiff.  Defendants' motion in limine number 19 is DENIED.

7  IT IS SO ORDERED.

8  **Dated:     July 20, 2012**              /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16