IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LORAN QUINN, | Case No. 1:10-cv-01617 LJO BAM |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION IN LIMINE NO. 8 |
| vs. | (Doc. 111) |
| FRESNO COUNTY SHERIFF, et al., | |
| Defendants. | |
| _____/ | |

By order filed July 23, 2012, the Court issued written rulings on the parties' motions in limine. Among its rulings, the Court held Defendants' motion in limine number 8 in abeyance pending further briefing from Plaintiff. Plaintiff has since filed further briefing on this matter. The Court has carefully considered Plaintiff's arguments and for the reasons set forth below GRANTS Defendants' motion in limine number 8 in its entirety.

**1.    Defendants' Motion in Limine No. 8**

Defendants request pursuant to Federal Rule of Evidence 615 that all non-party witnesses be removed from the courtroom during trial-related proceedings. Plaintiff opposes this motion in limine only to the extent that his expert witness, Loren Buddress, would be precluded from being present in the courtroom while other witnesses are testifying. Plaintiff asserts that Loren Buddress plans to base his expert opinions on the factual testimony of other witnesses.

In ordering additional briefing on this matter, the Court instructed Plaintiff to substantiate his assertion that Loren Buddress must hear the testimony of other witnesses to form his expert opinions. The Court explained that at this point it appeared that Plaintiff simply intended to have Loren Buddress listen to the testimony of other witnesses so that Loren Buddress could opine whether there was in fact probable cause to arrest Plaintiff. However, the possibility of Loren Buddress offering such an opinion

was explicitly foreclosed by the Court's ruling on Defendants' motion in limine number 5.[1] Therefore, there appeared to be no reason for allowing Loren Buddress to be present in the courtroom while other witnesses testify.

Plaintiff's additional briefing fails to address the Court's expressed concerns. Plaintiff asserts that Loren Buddress' presence is required because (1) Wade Mangiarelli "may give testimony which would affect Mr. Buddress' opinion as Plaintiff's expert," and (2) Defendant David Alanis' deposition testimony is "contradictory" and therefore Mr. Buddress should be allowed to be present and hear his testimony. (Doc. 121, Decl. of David M. Hollingsworth, ¶¶ 3-4.) This simply repeats Plaintiff's prior, bald assertion that Loren Buddress must listen to the testimony of other witnesses. It does not explain what expert opinion, apart from whether probable cause in fact existed, Loren Buddress is expected to draw from the testimony.

As such, Plaintiff has not made a fair, substantiated showing that Loren Buddress' presence in the courtroom during trial is "essential" to Plaintiff's case. Fed. R. Evid. 615(c). See United States v. Sechillie, 310 F.3d 1208, 1213 (9th Cir. 2002). Defendants' request to sequester non-party witnesses, including Loren Buddress, must therefore be GRANTED. See Fed. R. Evid. 615.

IT IS SO ORDERED.

**Dated:   July 25, 2012**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

---

[1] The Court's ruling on Defendants' motion in limine number 5 precludes Loren Buddress from offering expert opinions on ultimate legal conclusions, including whether probable cause to arrest Plaintiff in fact existed. See Burkhart v. Wash. Metro. Area Transit Authority, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997) ("[A]n expert may offer his opinion as to the facts that, if found would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied."); Hao-Qi Gong v. Jones, No. C 03-005495 TEH, 2008 U.S. Dist. LEXIS 111178, at *12 (N.D. Cal. Sept. 9, 2008) ("Courts regularly prohibit experts from testifying on the ultimate issue of whether there was 'probable cause' for an arrest.").

2