IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LORAN QUINN, | Case No. 1:10-CV-01617 LJO BAM |
| Plaintiff, | ORDER ON PLAINTIFF'S EX PARTE APPLICATION TO AMEND THE PRETRIAL ORDER |
| vs. | |
| FRESNO COUNTY SHERIFF, et al., | (Doc. 124) |
| Defendants. | |
| _____/ | |

Plaintiff James Loran Quinn ("Plaintiff") has filed an ex parte application to amend the pretrial order. Defendants County of Fresno and Probation Officer David Alanis (collectively "Defendants") oppose any amendment. After careful consideration of the parties' arguments and the entire record of this case, the Court rules as follows.

**I.   BACKGROUND**

On June 27, 2012, the Court issued a pretrial order in this case. On July 25, 2012, Plaintiff filed the instant application to amend the pretrial order. Plaintiff now seeks to amend the pretrial order to include Wade Mangiarelli in his witness list. Plaintiff asserts that Mr. Mangiarelli was initially omitted from Plaintiff's witness list because (1) Mr. Mangiarelli's contact information was then unknown, and (2) Mr. Mangiarelli previously indicated to Plaintiff that he did not want to be involved in this lawsuit. However, according to Plaintiff, after a "random" encounter with Plaintiff on July 15, 2012 in Grants Pass, Oregon, Mr. Mangiarelli tentatively agreed to testify in this case.

1   Defendants filed an opposition on July 26, 2012.  Defendants argue that they will be prejudiced
2 by the addition of Mr. Mangiarelli to Plaintiff's witness list because Mr. Mangiarelli's whereabouts were
3 never disclosed to Defendants and therefore Defendants were never able to depose Mr. Mangiarelli.  In
4 Defendants' view, the only way to remedy such prejudice would be to permit Defendants to depose Mr.
5 Mangiarelli at this late hour and to allow Defendants to add new witnesses to their own witness list to
6 counter any testimony from Mr. Mangiarelli.  All of this, according to Defendants, would substantially
7 impact the course of trial proceedings.

**II.    LEGAL STANDARD**

Once a district court has issued a pretrial order, modifications to the order are allowed "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  To determine manifest injustice, the Ninth Circuit has instructed district courts to consider four factors: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking modification.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012).  "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified."  Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998).

**III.   DISCUSSION**

Defendants cannot be surprised that Mr. Mangiarelli is a potentially relevant witness.  Although Plaintiff did not reveal Mr. Mangiarelli's contact information because it was allegedly unknown at the time, Plaintiff did disclose Mr. Mangiarelli's identity in Plaintiff's initial disclosures.  (See Doc. 124-1, Decl. of David M. Hollingsworth, ¶¶ 2, 9.)  More notably, in the pretrial order, Defendants themselves listed Mr. Mangiarelli as a witness.  (Doc. 109 at 20.)  Through that, Defendants represented that they were adequately prepared for this witness.

Nevertheless, it does appear Defendants would be prejudiced to some degree by allowing Mr. Mangiarelli to testify on the issues Plaintiff now plans to raise.  In particular, it appears that Plaintiff plans to have Mr. Mangiarelli testify that he was present during Plaintiff's arrest and that he witnessed Plaintiff offer the arresting officer proof of his innocense.  Defendants, however, apparently were not

aware of this fact. It appears that Defendants believed Mr. Mangiarelli was relevant only with respect to Plaintiff's medical care while in jail.

This prejudice can be cured without impacting trial, which is scheduled to begin on August 7, 2012. The Court will allow Plaintiff to amend the pretrial order to include Mr. Mangiarelli as one of his witnesses if (1) Plaintiff makes Mr. Mangiarelli available for deposition in Fresno, California, and that deposition occurs by no later than Wednesday, August 1, 2012; and (2) Plaintiff agrees to pay the cost of obtaining expedited deposition transcripts. Defendants must also be given an opportunity to file any appropriate ex parte motions following the deposition of Mr. Mangiarelli, including, but not limited to, a motion to modify the pretrial order to include additional witnesses.

## IV.  CONCLUSION AND ORDER

In accordance with the above, the Court ORDERS Plaintiff to file and serve notice by no later than **noon on Monday, July 30, 2012,** whether he agrees to the conditions set forth above.

Dated: July 27, 2012                                     /s/ Lawrence J. O'Neill
                                                                        Honorable Lawrence J. O'Neill
                                                                        United States District Judge