IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LORAN QUINN, | Case No. 1:10-cv-01617 LJO BAM |
| Plaintiff, | DECISION ON JURY INSTRUCTIONS AND VERDICT FORM |
| vs. | |
| FRESNO COUNTY SHERIFF, et al., | |
| Defendants. | |

During the first day of trial, the parties raised a few concerns regarding the jury instructions and the verdict form. The Court addresses the parties' concerns as follows.

**1.      Bane Act (California Civil Code § 52.1)**

The parties disagree on the language that should be used in the jury instructions and the verdict form regarding Plaintiff's claim under the Bane Act, California Civil Code section 52.1. Defendants argue that to support a claim under section 52.1, there must be allegations of coercion or intimidation *separate from* the coercion inherent in any alleged false arrest. In support of their position, Defendants cite to, among other cases, this Court's prior ruling in Lopez v. County of Tulare, Case No. CV-F-11-1547 LJO BAM, 2012 U.S. Dist. LEXIS 1833 (E.D. Cal. Jan. 6, 2012), and a recent decision issued by the California Court of Appeal in Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947 (Ct. App. 2012). Plaintiff, on the other hand, argues that the Court has already ruled in this case that allegations of false arrest are in of themselves sufficient to support a claim under section 52.1.

In ruling on Defendants' motion to dismiss Plaintiff's third amended complaint, former Senior District Judge Oliver Wanger held that the coercion inherent in an alleged false arrest is sufficient to support a claim under section 52.1. (Doc. 36 at 19-20.) Therefore, this Court is generally bound by that ruling under the "law of the case" doctrine unless one of five circumstances is present and warrants a departure from the prior ruling: (1) the prior ruling was clearly erroneous; (2) an intervening change in controlling law has occurred; (3) the evidence is substantially different; (4) other change circumstances

exist; or (5) a manifest injustice would otherwise result.  See United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

The circumstance implicated here is whether there has been an intervening change in the law. After reviewing the cases cited by Judge Wanger and the cases cited by Defendants, it does not appear that there has been an intervening change in the law.  Rather, courts appear to have been split on this issue for some time, and this Court's decision in Lopez and the California Court of Appeal's decision in Shoyoye simply appear to be persuasive (but not controlling) data points in the on-going debate on this issue.  See generally Strother v. Southern Cal. Permanente Medical Group, 79 F.3d 859, 865 (9th Cir. 1996) ("When interpreting state law, federal courts are bound by decisions of the state's highest court.  In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements *as guidance*.") (emphasis added).

For example, on one side, courts have concluded that the coercion inherent in a false arrest is sufficient in of itself to support a claim under section 52.1.  See, e.g., Warner v. County of San Diego, Case No. 10-cv-1057 BTM (BLM), 2011 U.S. Dist. LEXIS 14312, at *12-16 (S.D. Cal. Feb. 14, 2011). These courts generally cite to and rely on the California Supreme Court's decision in Venegas v. County of Los Angeles, 32 Cal. 4th 820 (2004), in which the California Supreme Court held that to state a claim under section 52.1 a plaintiff needs only to allege that a constitutional violation was "accompanied" by threats, intimidation, or coercion.  Id. at 843.  The California Supreme Court went on to conclude that the California Court of Appeal did not error in finding that the plaintiffs' allegations of unreasonable search and seizure stated a claim under section 52.1.  Id. Notably, the California Supreme Court did not take issue with the fact that the plaintiffs did not appear to allege any coercion or force apart from the coercion inherent in the alleged unreasonable search and seizure.  Accord Gillan v. City of San Marino, 147 Cal. App. 4th 1033 (Ct. App. 2007) (upholding jury award in favor of the plaintiff under section 52.1 where the plaintiff's arrest was not supported by probable cause).

On the other side, several courts have concluded that allegations of false arrest are alone not sufficient to support a claim under section 52.1.  See, e.g., Gant v. County of Los Angeles, 765 F. Supp. 2d 1238, 1252-54 (C.D. Cal. 2011).  In Gant, the federal district court looked to Massachusetts case law

and concluded:[1]

> A wrongful arrest and detention, without more, cannot constitute force, intimidation, or coercion for purposes of section 52.1. . . . [S]ection 52.1 requires a showing of coercion independent from the coercion inherent in a wrongful detention itself.

765 F. Supp. 2d at 1253-54, 1258 (internal quotation marks omitted).  Notably, as Defendants point-out, the California Court of Appeal, Second District, Division Four has recently agreed with this reasoning.  See Shoyoye, 203 Cal. App. 4th at 959-61.

As a whole, then, this Court is confronted with what appears to be conflicting case law on this issue.  Conflicting case law, however, does not amount to an intervening change in the controlling law that would warrant a departure from the law of the case.  Therefore, Judge Wanger's prior ruling must stand, and Defendants' request to amend the jury instruction on section 52.1 to include an extra element of coercion or force is DENIED.

**2.    Immunity Under California Government Code Section 845.8**

Defendants contend that a jury instruction and corresponding questions on the verdict form should be added with respect to immunity under California Government Code section 845.8.  Section 845.8 provides, in relevant part:

> Neither a public entity nor a public employee is liable for:
>
> (a) Any injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release.

In its order on Defendants' motion for summary judgment, the Court declined to grant immunity to Officer Alanis under section 845.8(a).  In reaching this decision, the Court relied on the California Supreme Court's decision in Perez-Torres v. State of California, 42 Cal. 4th 136 (2007).  The Court explained that it could not discern a meaningful distinction between the continued detention for which the parole agents could be held liable for in Perez-Torres and the arrest at issue in this case.  Therefore, the Court declined to grant Officer Alanis immunity at that time.

Admittedly, the Court's language in its order suggests that Officer Alanis may still be entitled to immunity under section 845.8(a) if Officer Alanis can prove that he did not know and should not have

---

[1] California's Bane Act was modeled after the Massachusetts Civil Rights Act of 1979, and therefore decisions construing the Massachusetts statute are instructive in interpreting section 52.1.  Gant, 765 F. Supp. 2d at 1253.

3

known that Plaintiff was not subject to arrest for a probation violation.  However, a closer reading of Perez-Torres suggests otherwise.  In Perez-Torres, the California Supreme Court differentiated between an officer's ministerial and discretional decisions.  The California Supreme Court held that a decision to keep a plaintiff imprisoned in jail despite the fact that an officer knew or should have known that the imprisonment was unlawful is ministerial in nature and therefore not covered *at all* by immunity under section 845.8(a).  Perez-Torres, 42 Cal. 4th at 142-45.  Therefore, where, as here, a plaintiff's claims are predicated on such ministerial decisions, section 845.8(a) is not applicable.  Id. at 145.  Accordingly, the Court DENIES Defendants' request to add a jury instruction and verdict question on immunity under section 845.8(a)

### 3.     Immunity Under California Penal Code Section 847(b)(1)

Defendants request a jury instruction and a corresponding question in the verdict form on the immunity afforded to peace officers by California Penal Code section 847(b)(1).  As Defendants note, pursuant to section 847(b)(1), there shall be no civil liability against a peace officer for false arrest or false imprisonment if the arrest was lawful or the officer had reasonable cause to believe that the arrest was lawful.  O'Toole v. Superior Court, 140 Cal. App. 4th 488, 510-11 (Ct. App. 2006).

Plaintiff objects, but gives no substantive argument in support of his objection.  (See Doc. 145 at 3.)  The Court sees no issue with Defendants' request.  Accordingly, the Court GRANTS Defendants' request with respect to this issue.

### 4.     Qualified Immunity

Defendants request a verdict question for the jury to decide whether Officer Alanis is entitled to qualified immunity.  See Defendants' Proposed Special Interrogatories.  The Court declines to take this approach to qualified immunity.  See, e.g., Morales v. City of Delano, 1:10-cv-01203 AWI JLT, 2012 U.S. Dist. LEXIS 40179, at *25-26 (E.D. Cal. Mar. 23, 2012) (explaining that the ultimate question of qualified immunity should not be submitted to the jury); Carrethers v. Bay Area Rapid Transit, No. C-09-1101 EMC, 2011 U.S. Dist. LEXIS 135270, at *3-5 (N.D. Cal. Nov. 23, 2011) (indicating that the Ninth Circuit has not decided whether it is appropriate to submit the ultimate issue of qualified immunity to the jury, and therefore declining to do so).  Instead, the Court intends to have the jury decide specific factual issues as required by the special interrogatories attached to the verdict form.  Defendants may

then move for judgement as a matter of law on the issue of qualified immunity.  At that time, the Court will decide whether Officer Alanis is entitled to qualified immunity using the factual findings provided by the jury.  See, e.g., Morales, 2012 U.S. Dist. LEXIS 40179, at *26-27; Carrethers, 2011 U.S. Dist. LEXIS 135270, at *7-9.

**5.    Jury Instruction No. 23**

The Court sought clarification from Defendants whether they have stipulated to the fact that Officer Alanis acted intentionally in seizing or authorizing the seizure of Plaintiff's person.  Defendants responded that they have not.  Jury Instruction No. 23 will therefore be revised accordingly.

**6.    Other Matters**

As the verdict form stands now, if the jurors answer "No" to Question No. 1 on the verdict form (whether Plaintiff has proved the absence of probable cause), the jurors are instructed to proceed to the questions regarding Plaintiff's state law claims beginning with Question No. 5.  Defendants argue that if the jurors answer "No" to Question No. 1, the jurors should instead proceed no farther and should sign and date the verdict form.

The verdict form requires the jurors to proceed to Plaintiff's state law claims because the state law questions impose different burdens of proof.  To prevail on his false arrest claim under § 1983, *Plaintiff* carries the burden of proving the absence of probable cause.  See Dubner v. City & County of San Francisco, 266 F.3d 959, 965 (9th Cir. 2001).  However, to prevail on his state law claim for false imprisonment, *Defendants* carry that burden.  Specifically, to prevail on his state law claim for false imprisonment, it is Plaintiff's burden to prove that there was an arrest without a warrant, a resulting imprisonment, and damages; it then becomes Defendants' burden to prove justification for the arrest. See Cervantez v. J. C. Penney Co., 24 Cal. 3d 579, 592 (1979).  Therefore, the verdict questions relating to liability must remain separate and distinct.

IT IS SO ORDERED.

**Dated:    August 8, 2012**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE