IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LORAN QUINN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | Case No. 1:10-cv-01617 LJO BAM<br><br>SECOND DECISION ON JURY INSTRUCTIONS AND VERDICT FORM |

Defendants have raised additional concerns regarding the proposed jury instructions and verdict form. The Court addresses Defendants' concerns below.

**1.　Bane Act (California Civil Code § 52.1)**

Defendants argue that the current jury instruction and verdict form regarding Plaintiff's claim under section 52.1 do not mirror California's model jury instructions ("CACI"). The Court's current jury instruction on section 52.1 provides, in relevant part:

> Plaintiff claims that Officer Alanis intentionally interfered with or attempted to interfere with his civil rights by threats, intimidation, and/or coercion. To establish this claim, Plaintiff must prove all of the following:
>
> 1.　that Officer Alanis interfered with or attempted to interfere with Plaintiff's constitutional right to be free from unreasonable seizure *by threats, intimidation, or coercion*;

In contrast, the CACI instruction provides:

> 1.　That [name of defendant] interfered with [or attempted to interfere with] [name of plaintiff]'s right [insert alleged constitutional or statutory right] *by threatening or committing violent acts*;

CACI 3025 (brackets in the original).

1

The Court modified the CACI instruction in order to better harmonize the facts in this case to the claim's elements. Critically, the Court's modification tracks the language of the Bane Act itself, which provides that an individual may file a civil action if:

>   (a)   [A] person or persons, whether or not acting under color of law, *interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion*, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state[.]

Cal. Civ. Code § 52.1(a)-(b). See also Austin B. v. Escondido Union School Dist., 149 Cal. App. 4th 860, 883 (Ct. App. 2007) ("The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law."). The Court's modification is therefore appropriate and consistent with the Bane Act.

**2.     Bane Act (California Civil Code § 52.1)**

Defendants argue that the California Court of Appeal's recent decision in Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947 (Ct. App. 2012) requires the Court to change course on its ruling that the coercion and force inherent in an alleged false arrest is sufficient to support a claim under section 52.1. In Shoyoye, the court explicitly concluded:

> [W]here coercion is inherent in the constitutional violation alleged, i.e., an overdetention in County jail, the statutory requirement of 'threats, intimidation, or coercion' is not met. The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself.

Id. at 959.

If the Court were examining this issue for the *first* time, the Court would certainly find the decision and reasoning in Shoyoye persuasive. But, this issue is not reaching this Court in the first instance. As explained to the parties, former Senior District Judge Oliver Wanger has already held in this case that the coercion and force inherent in an alleged false arrest *is* sufficient to support a claim under section 52.1. Therefore, this Court is bound by that ruling under the "law of the case" doctrine unless there has been an intervening change in the controlling law. See United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

A California Court of Appeal's decision is not a change in controlling law. See <u>Hicks v. Feiock</u>, 485 U.S. 624, 630 n.3 (1988) ("The California Court of Appeal's announcement of a rule of law 'is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise . . . ."); <u>Strother v. Southern Cal. Permanente Medical Group</u>, 79 F.3d 859, 865 (9th Cir. 1996) ("When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."). Here, there is case law holding the other way, and therefore <u>Shoyoye</u> is just another data point in this debate; it is not a change in controlling law.

**3.    Qualified Immunity**

Defendants argue that the Court should add the following question in the special interrogatories attached to the verdict form:

> 4.    Do you find by a preponderance of the evidence that reasonable officers could disagree about whether probable cause to arrest Plaintiff James Quinn existed at the time Officer Alanis authorized his arrest?

In support of this language, Defendants cite <u>Rosenbaum v. Washoe County</u>, 663 F.3d 1071 (9th Cir. 2011), which provides, in part:

> [T]he question in determining whether qualified immunity applies is whether all reasonable officers would agree that there was no probable cause in this instance.

<u>Id.</u> at 1078.

Defendants proposed special interrogatory is inappropriate. As the Court explained in the Decision On Jury Instructions and Verdict Form, the special interrogatories are intended to address *factual* findings that the Court will use to determine the issue of qualified immunity, which is ultimately a matter of law for the Court to decide. Defendants' proposed special interrogatory essentially asks the jury to decide the question of qualified immunity for the Court in the guise of a jury factual finding.

IT IS SO ORDERED.

**Dated:    August 9, 2012**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

3