IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LORAN QUINN, | Case No. 1:10-cv-01617 LJO BAM |
| Plaintiff, | ORDER ON THE PARTIES' MOTIONS FOR RECONSIDERATION |
| vs. | (Docs. 188 & 190) |
| FRESNO COUNTY SHERIFF, et al., | |
| Defendants. | |
| _____/ | |

On December 14, 2012, the Court issued an order on the parties' post-trial motions, wherein the Court concluded that (1) Defendants County of Fresno ("the County") and County Probation Officer David Alanis ("Officer Alanis") (collectively "Defendants") were not entitled to relief from the jury's liability determination, but (2) Defendants were entitled to a new trial on the issue of damages unless Plaintiff James Loran Quinn ("Plaintiff") accepted a remittitur of certain damage awards. Plaintiff and Defendants have since filed motions for reconsideration of that order, and those motions are now fully briefed. Having reviewed the parties' submissions and the full record in this case, the Court GRANTS Defendants' motion for reconsideration and DENIES Plaintiff's motion for reconsideration as moot.

I.   **LEGAL STANDARDS**

   A.   **Reconsideration**

It is a basic principle of federal practice that courts generally refuse to reopen decided matters, see Magnesystems, Inc. v. Nikken, 933 F. Supp. 944, 948 (C.D. Cal. 1996), and that reconsideration is an "extraordinary remedy[] to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration is generally only appropriate where the court (1) is presented with newly discovered evidence; (2) has committed clear error or the court's initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. See School District 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "A party seeking reconsideration must show more than a disagreement with the Court's

decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (citations omitted).

### B. New Trial

Pursuant to Rule 59, a district court has discretion to grant a new trial "after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Historically recognized grounds for a new trial include claims that (1) the verdict is against the weight of the evidence; (2) the damages are excessive; and (3) the trial was not fair to the moving party. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007). Unlike a renewed motion for judgment as a matter of law, the court must "weigh the evidence as it saw it" and may set aside the verdict, even if it is supported by substantial evidence. Id. A new trial should be granted "if, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371-72 (9th Cir. 1987) (citations omitted).

## II. DISCUSSION

### A. Defendants' Motion for Reconsideration

Defendants contend that the Court erred in three respects. First, Defendants maintain that the Court should have found that Officer Alanis had probable cause to authorize Plaintiff's arrest because it is undisputed that Plaintiff violated the terms of his probation by failing to file on time his November record of contact form ("ROC") and his monthly report forms ("MRFs") for September and November 2006. Second, Defendants argue, in essence, that the Court erred in concluding that Officer Alanis is not entitled to qualified immunity. Third, Defendants reiterate that the Court erred in concluding that liability under California Civil Code section 52.1 may be premised on the same evidence supporting a claim for false imprisonment alone.

With respect to qualified immunity and section 52.1, Defendants largely repackage and reargue the same points stressed in their motion for judgment as a matter of law and motion for a new trial. The

2

Court therefore declines to revisit those matters. See Westlands Water Dist., 134 F. Supp. 2d at 1131 ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."); United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) ("A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—*rightly or wrongly*.") (emphasis added) (citations and internal quotation marks omitted). This leaves Defendants' argument regarding probable cause, which the Court did not resolve in its December 14, 2012 order.

### 1. Defendants' Argument Has Merit

As noted above, Defendants maintain that the Court should have found that Officer Alanis had probable cause to authorize Plaintiff's arrest because it is undisputed that Plaintiff violated the terms of his probation. Defendants stress that even if Officer Alanis did not have probable cause to authorize Plaintiff's arrest for the reasons that were officially cited (i.e., that Plaintiff failed to file his MRFs for the months of December 2006, January 2007, and February 2007), Officer Alanis could have authorized Plaintiff's arrest for other, unstated reasons, namely Plaintiff's failure to submit on time his November ROC and his September 2006 and November 2006 MRFs. Defendants argue that each of these events constitutes a probation violation in of themselves, and therefore Officer Alanis had legal authority to authorize Plaintiff's arrest under California Penal Code section 1203.2(a). Plaintiff does not argue to the contrary,[1] and the Court must agree.

It is undisputed that a condition of Plaintiff's probation required him to file MRFs between the first and fifth of every month while on probation. (See Doc. 109 at 3; Doc. 92 ¶¶ 2-3.) There is also no dispute that Plaintiff violated this condition of probation when he filed his MRFs for September 2006 and November 2006 late. (Trial Tr. at 193:5-14, 424:22-425:1.) This is on top of the fact that Plaintiff also apparently violated the terms of his probation when he filed his ROC for November late. (Id. at 181:11-182:13.) Under section 1203.2(a), Officer Alanis had authority to arrest Plaintiff for any of these violations. See Cal. Penal Code § 1203.2(a) ("At any time during the period of supervision of a person

---

[1] Plaintiff does not challenge Defendants' argument on the merits; instead, Plaintiff refutes Defendants' argument on timeliness grounds only. Those issues are discussed in the next section.

1  . . . released on probation under the care of a probation officer pursuant to this chapter, . . . if any
2  probation officer, parole officer, or peace officer has probable cause to believe that the supervised person
3  is violating *any* term or condition of his or her supervision, the officer may, without warrant or other
4  process . . . rearrest the supervised person[.]") (emphasis added).

5  Although Officer Alanis did not cite these probation violations as the reasons for his decision
6  to authorize Plaintiff's arrest, that is not dispositive. "Because the probable cause standard is objective,
7  probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect
8  for *any . . . offense, regardless of their stated reason for the arrest*." Edgerly v. City & County of San
9  Francisco, 599 F.3d 946, 954 (9th Cir. 2010) (emphasis added). Indeed, the stated and unstated reasons
10 for the arrest do not even need to be closely related to one another. See Devenpeck v. Alford, 543 U.S.
11 146, 153-55 (2004).

12 For example, in Edgerly, two police officers drove by a housing cooperative and observed Mr.
13 Edgerly standing inside the fence that surrounded the property. 599 F.3d at 952. Posted on the fence
14 were "no trespassing" signs. Id. The officers concluded that Mr. Edgerly had no reason for being at the
15 housing cooperative, so they arrested Mr. Edgerly for trespassing in violation of California Penal Code
16 section 602(l). Id. Ultimately, Mr. Edgerly was not prosecuted for trespassing (or any other offense),
17 and he filed a civil rights action against the officers for, among other things, false arrest under federal
18 and California law. Id. at 950.

19 Following the presentation of all evidence at trial, the district court granted the officers' motion
20 for judgment as a matter of law on Mr. Edgerly's false arrest claims. Id. at 951. On appeal, the Ninth
21 Circuit affirmed the district court's ruling regarding the federal false arrest claim. Id. In reaching this
22 conclusion, the Ninth Circuit began by explaining that the officers did *not* have probable cause to arrest
23 Mr. Edgerly under section 602(l) – the cited statutory violation – because the officers had no reason to
24 believe that Mr. Edgerly had the specific intent of remaining permanently on the property, an element
25 of trespassing under section 602(l). Edgerly, 599 F.3d at 954. The Ninth Circuit also found that the
26 officers had no reason to believe that Mr. Edgerly was violating any other criminal offense suggested
27 by the officers, such as trespassing in violation of California Penal Code section 602.5 or loitering in
28 violation of California Penal Code section 647(h). Id. at 954-55. Nevertheless, the Ninth Circuit held

4

that the facts and circumstances within the officers' knowledge gave them probable cause to arrest Mr. Edgerly for violating California Penal Code section 602.8(a), a statute that the officers never cited. Id. at 955. The Ninth Circuit stressed that the dispositive issue was not whether there was probable cause supporting the *stated* reasons for the arrest, but whether there was probable cause to support an arrest for *any* possible offense. Id. at 954.[2]

The undisputed evidence at trial shows that Officer Alanis had probable cause to authorize Plaintiff's arrest for violating the terms and conditions of his probation. See Molski, 481 F.3d at 729 (in determining whether a new trial is warranted under Rule 59, a court must weigh all the evidence as the court saw it). The evidence shows – and indeed the jury explicitly found – that before Officer Alanis authorized Plaintiff's arrest, Officer Alanis reviewed both the Adult Probation System ("APS") and Plaintiff's hard copy file, which documented Plaintiff's prior filings and contacts with the County Probation Office. (See Doc. 168 ¶¶ 2-3; Trial Tr. 186:10-188:5.) The APS and Plaintiff's hard copy file showed that Plaintiff filed his ROC late. (Trial Tr. at 181:11-182:13.) Officer Alanis also noticed that in addition to the "missing" MRFs for the months of December 2006, January 2007, and February 2007, Plaintiff filed MRFs for other months late. (See id. at 191:3-21, 193:5-18.) These events were all probation violations, and therefore this information was sufficient in of itself to give Officer Alanis authority to authorize Plaintiff's arrest pursuant to section 1203.2(a). This is not changed by the fact that Officer Alanis ultimately cited and authorized Plaintiff's arrest for different probation violations. See Edgerly, 599 F.3d at 954.[3]

**2.     Defendants Fairly Raised the Argument During Trial**

Plaintiff argues that Defendants failed to properly raise this argument. According to Plaintiff, (1) Defendants did not present this argument in any of their briefing; (2) Defendants did not present this argument to the jury as a reason for Plaintiff's arrest; and (3) Defendants failed to preserve the issue in

---

[2] Parenthetically, the Ninth Circuit reversed the district court's ruling regarding the state law claim for false arrest. Edgerly, 599 F.3d at 951. The Ninth Circuit explained that under California law, a first offense under section 602.8(a) is punishable by custodial arrest only in circumstances that were not present in the case. Id. at 956.

[3] Nor, for that matter, is it relevant that Officer Alanis testified that he would have released Plaintiff if his MRFs for the months of December 2006, January 2007, and February 2007 had been filed. The question is not whether Officer Alanis would have exercised his *discretion* to authorize Plaintiff's arrest, but whether Officer Alanis had *legal authority* to authorize Plaintiff's arrest. There is a difference. Moreover, as the Supreme Court made clear, an officer's motivation or state of mind is irrelevant to the existence of probable cause. Devenpeck, 543 U.S. at 153.

5

their Rule 50(a) motion.

Plaintiff's assertion that Defendants failed to preserve this issue when they made a Rule 50(a) motion during trial does not resolve the matter at hand. In their post-trial motion, Defendants not only sought to renew their request for judgment as a matter of law under Rule 50(b), but also sought, in the alternative, a new trial under Rule 59. Therefore, even if Defendants failed to preserve the issue for the purposes of a directed verdict under Rule 50, the issue still remains whether Defendants are entitled to a new trial under Rule 59. This, in turn, depends on whether Defendants fairly raised their argument during trial. See Midamar Corp. v. National-Ben Franklin Ins. Co. of Illinois, 898 F.2d 1333, 1338 (8th Cir. 1990) ("[A party] should not be granted a new trial so that a new theory of defense, not urged at the first trial, can be asserted.") (internal quotation marks omitted) (citing 11 C. Wright & A. Miller, Federal Practice & Procedure, § 2805 at 39-40 (1973)).

As an initial matter, the Court notes that the only document before it that could limit the scope of the issues for trial is the pretrial order, and the pretrial order did not explicitly preclude Defendants from raising their argument. Although Plaintiff was clear that *he* viewed the "missing" MRFs as the central issue for trial, Defendants defined the factual disputes in broader terms. Defendants indicated that the dispute to be decided at trial centered on whether Officer Alanis had probable cause to believe that Plaintiff was in violation of the terms of his probation, generally, at the time of arrest. (See Doc. 109 at 5.) Thus, while broad, Defendants' representations in the pretrial order did not foreclose them from arguing that the existence of other probation violations gave Officer Alanis probable cause under section 1203.2(a) to authorize Plaintiff's arrest. Accord United States Gypsum Co. v. Schiavo Bros., Inc., 668 F.2d 172, 181 n.12 (3d Cir. 1981) ("Generally, pretrial orders under [Federal Rule of Civil Procedure] 16 are to be liberally construed to embrace all legal and factual theories inherent in the issues defined therein.") (citations omitted).

At trial, Defendants raised the argument now in dispute. Officer Alanis testified that he noted in Plaintiff's records that Plaintiff filed his ROC on December 4, 2006, despite the fact that it was due on November 26, 2006. (Trial Tr. 180:11-182:13.) Officer Alanis also testified that when he reviewed Plaintiff's records prior to authorizing Plaintiff's arrest, he noticed that Plaintiff had filed certain MRFs late. (See id. at 191:3-21, 193:5-18.) In response, Plaintiff's counsel objected that such testimony was

irrelevant to whether Officer Alanis had probable cause to arrest Plaintiff for the reasons actually cited by Officer Alanis.  At that time, Defendants' counsel made it clear that his position was that Plaintiff's arrest was lawful if there was probable cause to arrest Plaintiff for *any* probation violation, not just the violations cited by Officer Alanis:

> THE COURT: On the issue of the violation of probation between the 1st and the 5th of the month, the Court ruled that that was irrelevant.
>
> I believe you got it in in a different way, and that was that when you asked, is it a condition of probation to file between the 1st and the 5th, that was allowed because that was foundational and encompassing the issue of whether or not he filed at all.
>
> But the first question wasn't relevant because that's not what the violation was. There is a distinction.
>
> **MR. ARENDT: My point is that -- and I think the jury instructions bear it out -- that if there's probable cause to arrest for any violation, there is probable cause, there is no false arrest.**
>
> **If filing on December 6th, 2006 is a violation of a term of probation, that's an arrestable offense and there is probable cause to arrest. Regardless –**
>
> THE COURT: Regardless of whether or not they were arrested for something else?
>
> **MR. ARENDT: Correct. Those are arrestable offenses.**
>
> THE COURT: I still think you got it in because you came through the back door and it was legitimate.

(Id. at 207:4-25) (bold added).  Although the Court later went on to suggest that Defendants' position was legally untenable, (see id. at 208:2-211:24), this was based on the mistaken view that the probable cause analysis had to focus on the reasons that were stated for the arrest.  (See id. at 210:23-211:3.)  As Edgerly makes clear, that is not the case.

### 3. Defendants are Entitled to Relief

Defendants are therefore entitled to a new trial on liability, as a finding that Officer Alanis had probable cause to authorize Plaintiff's arrest defeats all of Plaintiff's causes of action.  However, before a new trial is set, the Court will consider whether summary judgment is appropriate pursuant to Federal Rule of Civil Procedure 56(f)(3). See Norse v. City of Santa Cruz, 629 F.3d 966, 971 (9th Cir. 2010) ("District courts unquestionably possess the power to enter summary judgment *sua sponte*, even on the eve of trial[,]" so long as the opposing party is afforded adequate notice and an opportunity to be heard).  At this point, there does not appear to be a material dispute as to whether Officer Alanis was aware at

the time of Plaintiff's arrest that Plaintiff filed his ROC late; that Plaintiff filed his MRFs for certain months late; and that all of these constituted probation violations. Defendants need not show anything more to establish probable cause, and there appears to be nothing more that Plaintiff can introduce on this issue to rebut such a showing.

In granting Defendants relief, it should not be interpreted that the Court endorses the opaqueness (i.e., absence of transparency) found in defining the position of the defense. This matter should have been clarified during the parties' discussions on their joint pretrial statement or, at the very least, defense counsel's position should have been clarified by the beginning of trial. Nevertheless, based on the record before it, the Court does not have a clear basis for precluding Defendants from pursuing an otherwise meritorious argument under binding Ninth Circuit authority.

**B.     Plaintiff's Motion for Reconsideration**

Plaintiff seeks reconsideration of the Court's remittitur and ruling on the parties' proposed form of judgment. In light of the Court's decision above, these issues have been rendered moot. The Court will simply enter a judgment that is consistent with the jury's special verdict (Doc. 167), and this case will proceed forward as outlined below.

**III.    CONCLUSION**

For the reasons set forth above, the Court:

1. GRANTS Defendants' motion for reconsideration;
2. DENIES Plaintiff's motion for reconsideration as moot; and
3. SETS the following briefing schedule. By no later than March 29, 2013, Plaintiff shall file further briefing as to whether there is a genuine dispute of material fact that Officer Alanis had probable cause to authorize Plaintiff's arrest for violating the terms of his probation because: (1) Plaintiff filed his ROC late in November 2006; and (2) Plaintiff filed his MRFs for the months of September 2006 and November 2006 late. Unless the Court later orders otherwise, Defendants shall not file a response.

IT IS SO ORDERED.

**Dated:   March 8, 2013**            /s/  Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE