UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LORAN QUINN,<br><br>            Plaintiff,<br><br>      v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>            Defendants. | Case No. 1:10-cv-1617 LJO BAM<br><br>ORDER SCHEDULING TRIAL SETTING CONFERENCE |

In its previous order, the Court concluded that the clear weight of the evidence at trial showed that Defendant Officer David Alanis ("Officer Alanis") had probable cause to arrest Plaintiff James Loran Quinn ("Plaintiff") for violating the terms and conditions of his probation. Specifically, the Court concluded that the weight of the evidence showed that Officer Alanis was aware at the time of Plaintiff's arrest that Plaintiff filed his record of contact ("ROC") late; that Plaintiff filed his monthly report forms ("MRFs") for the months of September 2006 and November 2006 late; and that each of these late filings constituted a probation violation for which the Plaintiff could be arrested. The Court therefore granted Defendants County of Fresno and Officer Alanis' (collectively "Defendants'") motion for a new trial. However, before scheduling a new trial, the Court ordered additional briefing from Plaintiff as to why summary judgment should not be granted in Defendants' favor. The Court explained that at this point there does not appear to be a genuine dispute of material fact regarding

probable cause.

Having reviewed Plaintiff's briefing, the Court concludes that granting Defendants summary judgment *sua sponte* at this juncture would be inappropriate. Viewing the evidence in the light most favorable to Plaintiff, there may be a genuine dispute of fact regarding Officer Alanis' knowledge at the time of Plaintiff's arrest; specifically, whether Officer Alanis was aware at the time of Plaintiff's arrest that the ROC and MRFs for the months of September 2006 and November 2006 were filed late. Although the current trial record regarding this matter is largely uncontested, the Court is cognizant that this is because Plaintiff was led to believe that these matters were not at issue. Plaintiff will have an opportunity to explore this area during the new trial.

Accordingly, the Court schedules a trial setting conference for **Friday, June 14, 2013, at 8:00 a.m.** in Courtroom 4 (LJO). The parties shall be prepared to discuss a schedule for proceeding to trial. The parties shall also be prepared to discuss whether a settlement conference would be fruitful. The parties are advised that they may appear telephonically.

IT IS SO ORDERED.

Dated:   **May 29, 2013**                         **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE