1
2
3
4
5
6
7
8

9               UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   JAMES LORAN QUINN,                    Case No. 1:10-cv-1617 LJO BAM

13            Plaintiff,                   ORDER SCHEDULING TRIAL SETTING
                                           CONFERENCE
14        v.

15   FRESNO COUNTY SHERIFF, et al.,

16            Defendants.

17   _____/

18        In its previous order, the Court concluded that the clear weight of the evidence at trial showed

19   that Defendant Officer David Alanis ("Officer Alanis") had probable cause to arrest Plaintiff James

20   Loran Quinn ("Plaintiff") for violating the terms and conditions of his probation.  Specifically, the

21   Court concluded that the weight of the evidence showed that Officer Alanis was aware at the time of

22   Plaintiff's arrest that Plaintiff filed his record of contact ("ROC") late; that Plaintiff filed his monthly

23   report forms ("MRFs") for the months of September 2006 and November 2006 late; and that each of

24   these late filings constituted a probation violation for which the Plaintiff could be arrested.  The Court

25   therefore granted Defendants County of Fresno and Officer Alanis' (collectively "Defendants'")

26   motion for a new trial.  However, before scheduling a new trial, the Court ordered additional briefing

27   from Plaintiff as to why summary judgment should not be granted in Defendants' favor.  The Court

28   explained that at this point there does not appear to be a genuine dispute of material fact regarding

1

probable cause.

Having reviewed Plaintiff's briefing, the Court concludes that granting Defendants summary judgment *sua sponte* at this juncture would be inappropriate.  Viewing the evidence in the light most favorable to Plaintiff, there may be a genuine dispute of fact regarding Officer Alanis' knowledge at the time of Plaintiff's arrest; specifically, whether Officer Alanis was aware at the time of Plaintiff's arrest that the ROC and MRFs for the months of September 2006 and November 2006 were filed late.  Although the current trial record regarding this matter is largely uncontested, the Court is cognizant that this is because Plaintiff was led to believe that these matters were not at issue.  Plaintiff will have an opportunity to explore this area during the new trial.

Accordingly, the Court schedules a trial setting conference for **Friday, June 14, 2013, at 8:00 a.m.** in Courtroom 4 (LJO).  The parties shall be prepared to discuss a schedule for proceeding to trial.  The parties shall also be prepared to discuss whether a settlement conference would be fruitful.  The parties are advised that they may appear telephonically.



IT IS SO ORDERED.

Dated:   **May 29, 2013**                             **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE