UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LORAN QUINN, | Case No. 1:10-cv-1617 LJO BAM |
| Plaintiff, | ORDER ON THE PARTIES' MOTIONS IN LIMINE |
| v. | |
| FRESNO COUNTY SHERIFF, et al., | (Docs. 211 & 212) |
| Defendants. | |

Now pending before the Court are the parties' motions in limine. Having reviewed the parties' submissions, the Court rules on the motions in limine as follows.

**A.    Plaintiff's Motions in Limine**

Plaintiff's motion in limine is not a proper motion in limine; instead, it is a motion that seeks reconsideration of the Court's ruling on the parties' prior motions for reconsideration. This motion in limine is therefore DENIED. See Mindlab Media, LLC v. LWRC Int'l, LLC, Case No. CV 11-3405-CAS (FFMx), 2013 U.S. Dist. LEXIS 55948, at *6 (C.D. Cal. April 15, 2013) ("A motion in limine is not the proper vehicle by which to seek reconsideration."). Also, the Court stands by its prior ruling on this matter. (Doc. 197.)

**B.    Defendants' Motions in Limine**

    **1.    Indemnification**

Defendants seek to preclude Plaintiff from soliciting or presenting evidence regarding Officer Alanis's indemnification for damages by the County of Fresno. Plaintiff does not oppose this motion

1

in limine. This motion in limine is thus GRANTED. See Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994) ("It has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages[.]").

**2.     References to Prior Trial**

Defendants seek to preclude Plaintiff from referring to the prior trial, including, but not limited to, references to the prior trial's verdict or damages award. To the extent that testimony from the prior trial is used solely for impeachment purposes, which Defendants note may be appropriate, Defendants request that the parties be precluded from mentioning that the testimony was made during a prior trial; instead, Defendants propose that the parties simply refer to the testimony as "prior sworn statements" or "prior sworn testimony."

Plaintiff does not oppose this motion in limine. The motion in limine is therefore GRANTED. To the extent that the parties wish to use testimony from the prior trial for impeachment purposes, they shall refer to the testimony as simply "prior sworn testimony."

**3.     Intent, Motive, or State of Mind**

Defendants seek to preclude Plaintiff from offering evidence concerning Officer Alanis' intent, motive, or state of mind, with an exception for any facts that he was aware of at the time he authorized Plaintiff's arrest. Defendants maintain that the only matter to be retried is whether Officer Alanis had probable cause to arrest Plaintiff, and that any evidence of intent, motive, or state of mind is irrelevant to determining probable cause.

This motion in limine is DENIED. As an initial matter, the Court agrees with Defendants that the only claims to be retried are those that hinge upon the issue of probable cause. Pursuant to Federal Rule of Civil Procedure 59, a court may grant a new trial on only "some" of the issues presented in the first trial. Fed. R. Civ. P. 59(a)(1). A partial new trial may be ordered if the issue to be retried is "so distinct and separable from the others" such that trial of that sole issue may be had "without injustice." Gasoline Products Co., Inc. v. Champlin Refining Co., 283 U.S. 494, 500 (1931); Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1133 (9th Cir. 1995). Here, in granting Defendants a new trial, the Court only discussed and took issue with the jury's finding regarding probable cause. (See Doc. 197.) Therefore, the only claims to be retried are those that are interwoven with the jury's determination of

probable cause: false arrest, false imprisonment, violation of California Civil Code section 52.1, and negligence.[1]  Plaintiff's claim for intentional infliction of emotional distress will *not* be retried because the jury found for Defendants on that claim on grounds that are completely separate and distinct from probable cause.  (See Doc. 167 at 9.)

With that said, the Court cannot say at this time that evidence of Officer Alanis' intent, motive, or state of mind is completely irrelevant to this action.  Plaintiff seeks punitive damages.  In order to recover punitive damages under his claim for false arrest under 42 U.S.C. § 1983, Plaintiff must show that Officer Alanis' conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56 (1983).  Also, to recover punitive damages under his state law claims, Plaintiff must show that Officer Alanis acted with "oppression, fraud, or malice."  Cal. Civ. Code § 3294(a).  Therefore, even if evidence of intent, motive, or state of mind is irrelevant to determining *probable cause*, such evidence is still pertinent to the issue of *punitive damages*.  See Ricketts v. City of Hartford, 74 F.3d 1397, 1411-12 (2d Cir. 1996) (evidence of intent admissible to establish punitive damages for underlying claim of excessive force, which is otherwise an objective inquiry).

Finally, the Court disagrees with Defendants that this evidence should be excluded pursuant to Federal Rule of Evidence 403.  Careful jury instructions, not wholesale exclusion of evidence, is the appropriate way to ameliorate any prejudice that might arise from this evidence.

### 4. Offers of Proof

Defendants seek to preclude Plaintiff from offering evidence concerning any alleged offers of proof of Plaintiff's innocence.  Defendants maintain that post-arrest offers of proof are irrelevant as to whether Officer Alanis had probable cause to arrest Plaintiff.  Defendants also argue that any offers of proof would be overly prejudicial to them.

This motion in limine is DENIED for the same reasons discussed above.  Even if evidence of

---

[1] The Court cannot say that Plaintiff's negligence claim is completely separate and distinct from the jury's determination of probable cause.  It is true that the jury awarded Plaintiff zero damages on this claim, but it is unclear whether that was simply because the jury was attempting to apportion damages between the various claims they found in favor of Plaintiff.  Absent clarity on this matter, Plaintiff's claim for negligence must be retried.  See Gasoline Products Co., 283 U.S. at 500.

alleged offers of proof are irrelevant to determining probable cause, such evidence may be relevant to the issue of punitive damages. To the extent that Defendants are concerned that the jury will confuse the two issues, any confusion can be clarified by carefully crafted jury instructions.

**5.    Dr. Khoi Le**

Defendants seek to preclude Plaintiff's non-retained expert, Dr. Khoi Le, from testifying and offering opinions at trial. Defendants note, as an initial matter, that Dr. Le's testimony must be limited to his percipient knowledge since he was not retained by Plaintiff as an expert and has not submitted a corresponding expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Defendants go on to argue that Dr. Le's percipient knowledge is limited to Plaintiff's treatment for an atrial flutter in June 2009, yet that matter is irrelevant to this action.

This motion in limine is DENIED. In the Ninth Circuit, "[a] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement *to the extent that his opinions were formed during the course of treatment*." Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (emphasis added). Stated differently, to the extent that a treating physician intends to offer an opinion formed outside the course of his treatment, the opinion must be disclosed in an expert report under Rule 26(a)(2)(B). Failure to do so will result in the opinion being excluded from trial unless the opposing party is able to show that the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); Goodman, 644 F.3d at 826.

Here, Dr. Le did not submit an expert report under Rule 26(a)(2)(B). But even assuming that Dr. Le's opinions do go beyond those formed during his treatment of Plaintiff, his failure to provide an expert report appears to be harmless. Although Defendants do not clearly specify which opinions they take issue with, it appears that they are mainly concerned with Dr. Le's opinions regarding the causal connection between Plaintiff's arrest and atrial fibrillation. Yet this subject was discussed in Dr. Le's deposition, and to the extent that Defendants believed that they needed additional discovery or rebuttal witnesses to counter Dr. Le's opinions, Defendants had sufficient time under the scheduling order to do so. And while it is Plaintiff's burden to show harmlessness, see Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008), it is worth noting that (1) in the prior trial Defendants did not object to Dr. Le's opinions on this issue; and (2) even now Defendants do not offer any suggestions as to why

or how they have been harmed by the absence of an expert report from Dr. Le. Therefore, under these particular circumstances, the Court concludes that any failure by Dr. Le in providing an expert report under Rule 26(a)(2)(B) is harmless.[2]

As for the relevancy of Dr. Le's treatment of Plaintiff in June 2009, the Court declines to rule on this matter in the abstract. Defendants will have to wait until trial to see what testimony is elicited from Dr. Le and whether Plaintiff can establish the relevancy of that testimony.

**6.    Loren Buddress: Processing, Filing and Storing Probation Materials**

Defendants seek to preclude Plaintiff's expert, Loren Buddress, from offering opinions at trial regarding polices and/or procedures relating to the processing, filing, or storing of materials provided by probationers to the Fresno County Probation Department, or any other probation department in the State of California. Defendants argue two points in this regard. First, Defendants maintain that Mr. Buddress' opinion that "there frequently can be periodic delays" in the processing, filing, and storing of probation-related paperwork is speculative and lacks foundation. Second, Defendants contend that Mr. Buddress' opinions are, in any event, irrelevant because the issue in this case is whether Officer Alanis had actual knowledge of any deficiencies in the Fresno County Probation Department's record system specifically. Defendants emphasize that Mr. Buddress' opinions say nothing about the state of the County's records or Officer Alanis' actual knowledge.

This motion in limine is DENIED. Mr. Buddress indicated that he based his opinions on his 35 years of personal experience as a probation officer. To the extent that Defendants seek to point out the limitations of Mr. Buddress' personal experience, that is a matter for cross-examination and does not warrant legal preclusion at this time.

With respect to the relevancy of Mr. Buddress' opinions, it may be true that the issue in this case is Officer Alanis' actual knowledge. But Plaintiff is not confined to Officer Alanis' testimony as to what he did or did not know at the time of Plaintiff's arrest. Plaintiff may introduce circumstantial

---

[2] In order to ensure that Defendants are not harmed, any expert testimony Plaintiff seeks to elicit from Dr. Khoi Le that goes beyond the scope of his treatment of Plaintiff shall be limited to whatever issues were discussed during Dr. Khoi Le's deposition. See, e.g., McCloud v. Goodyear Dunlop Tires North America, Ltd., No. 04-1118, 2007 U.S. Dist. LEXIS 61248, at *4-7 (C.D. Ill. Aug. 21, 2007) (curing any failure to disclose by limiting party to expert's deposition testimony). Plaintiff must provide both the Court and opposing counsel excerpts and designations of any such testimony.

evidence on this issue, and Mr. Buddress' testimony appears to be aimed at doing just that, at least to some extent. See Fed. R. Evid. 401 ("Evidence is relevant if it has *any* tendency to make a fact more or less probable than it would be without the evidence.") (emphasis added). Defendants will have to argue to the jury what weight they should afford this testimony.

### 7. Loren Buddress: Standard Practices of Probation Officers

Defendants also seek to preclude Mr. Buddress from offering opinions at trial regarding any materials, duties, or standard practices of probation officers in California that are not identified in Mr. Buddress' expert report. Defendants stress that such opinions were never disclosed in Mr. Buddress' Rule 26(a)(2)(B) expert report.

This motion in limine is DENIED for similar reasons discussed with respect to the motion to exclude Dr. Khoi Le's opinions. Assuming that Mr. Buddress' opinions exceed those identified in his expert report, the failure appears to be harmless. Defendants cross-examined Mr. Buddress on these matters during the prior trial, and as a result, it is difficult to see how Defendants are now surprised by Mr. Buddress' opinions. Defendants also have procured a witness, Michael Elliot, who is apparently ready to counter Mr. Buddress' opinions. Lastly, the Court again notes that Defendants did not object to Mr. Buddress' opinions during the prior trial and do not now offer any indication as to why or how they have been harmed by the claimed deficiencies in Mr. Buddress' expert report.

Accordingly, Mr. Buddress will not be precluded altogether from offering opinions regarding materials, duties, or standard practices of probation officers in California. However, similar to Dr. Le, Mr. Buddress' opinions on this issue will be limited; if Mr. Buddress opines on this issue, his opinions are limited to those that he offered in the last trial. Plaintiff must also provide the Court and opposing counsel excerpts and designations of any such testimony.

### 8. Loren Buddress: Arrest Procedures and Probable Cause

Finally, Defendants seek to preclude Mr. Buddress from offering opinions or legal conclusions relating to arrest procedures and/or probable cause. Defendants maintain that Mr. Buddress lacks the necessary knowledge, skill, training, or education to offer opinions on these matters. Defendants also argue that Mr. Buddress' definitions and opinions regarding probable cause are so inaccurate that they will only confuse the jury.

As Plaintiff points out, this motion in limine is virtually identical to one the Court decided with respect to the prior trial. (See Doc. 120 at 9-12.) The Court also agrees with Plaintiff that the Court's ruling then should apply with equal force now. Accordingly, the Court rules on this motion in limine as follows.

First, to the extent that Defendants seek to preclude Mr. Buddress from testifying altogether on the ground that he is not qualified, the motion in limine is DENIED. The fact that Mr. Buddress has never physically effectuated an arrest for a probation violation does not necessarily mean that he lacks knowledge, skill, training, or education in probation-related arrest procedures. The same is true to the extent that Defendants attack the adequacy of Mr. Buddress' knowledge, skill, training, or education once he took on the role of a more supervisorial probation officer. That is a matter going more toward the credibility and weight of Mr. Buddress' anticipated testimony, a matter that should be reserved for the jury to decide.

Second, with respect to Mr. Buddress' inaccurate definitions and opinions regarding probable cause, this motion in limine is GRANTED as follows. Mr. Buddress is precluded from (1) defining probable for the jury; (2) opining that the following factors are relevant to determining probable cause for an arrest: Plaintiff's employment status, Plaintiff's potential for endangering the community in the future, the "technicality" of Plaintiff's probation violation, the reputation of Chief Deputy Probation Officer Linda Penner, and jail overcrowding; and (3) opining whether or not Officer Alanis in fact had probable cause to arrest Plaintiff. (See id. at 4-5, 9-12, 14-15.)

CONCLUSION

Counsel are expected to read these rulings, not reargue them at trial, and actually follow them. They need no clarification. Failure to do so will result in on-the-spot, hefty sanctions. No exceptions.

IT IS SO ORDERED.

Dated: **October 9, 2013**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE